THE STATE OF OHIO, APPELLEE, *v.* HILL, APPELLANT. ■

(No. C-870848—Decided
January 18, 1989.)

Arthur M. Ney, Jr., prosecuting
attorney, and L. Susan Laker, for appellee.

Joseph Harvey Johnson, for appellant.

Per Curiam. Appellant, Richard L. Hill, lived with his girlfriend and her two children. One night in December 1986, while his girlfriend was in the hospital, appellant forced her eleven-year-old daughter to have sexual intercourse. The victim had a baby, which she gave up for adoption. Appellant admitted to police that he had intercourse with the victim; however, he later denied that the incident had occurred.

Appellant was charged with the forcible rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b). Prior to trial, appellant made motions for blood-grouping tests, to suppress his statement, to dismiss the indictment and for a continuance, which the trial court overruled. Following a jury trial, appellant was found guilty and sentenced to life imprisonment. Appellant timely appealed.

Appellant's first assignment of error alleges:

"The trial court erred in overruling defendant's motions filed to obtain blood grouping and seminal tests."

The record reveals that appellant's motion and argument in the trial court refer only to blood-grouping tests. No reference is made to a "seminal test." Therefore, the portion of appellant's assignment of error which refers to a "seminal test" is overruled.

We now turn to that portion of appellant's first assignment of error dealing with the trial court's overruling of appellant's motion for blood-grouping tests. We find the trial court should have ordered the blood-grouping tests pursuant to R.C. 2317.47, which provides:

"*Whenever it is relevant in a civil or criminal action or proceeding to determine the paternity or identity of any person, the trial court on motion shall order any party to the action and any person involved in the controversy or proceeding to submit to one or more blood-grouping tests,* to be made by qualified physicians or other qualified persons not to exceed three, to be selected by the court and under such restrictions or directions as the court or judge deems proper. In cases where exclusion is established, the results of the tests together with the findings of the experts of the fact of nonpaternity are receivable in evidence. Such experts shall be subject to cross-examination by both parties after the court has caused them to disclose their findings to the court or to the court and jury. Whenever the court orders such blood-grouping tests to be taken and one of the parties refuses to submit to such test, such fact shall be disclosed upon the trial unless good cause is shown to the contrary. The court shall determine how and by whom the costs of such examination shall be paid." (Emphasis added.)

Clearly appellant and the victim are involved in the proceeding. The child is involved by virtue of the victim's testimony that the child was conceived as a result of the rape. The paternity of the child is relevant to establish appellant's identity as the rapist, because the victim testified that she had no relations with any man except appellant. In addition, if appellant is found not to be the father of the child, it will reflect upon the credibility of the victim. The portion of appellant's first assignment of error which refers to blood-grouping tests is sustained.

Appellant's second assignment of error alleges the trial court erred in

overruling appellant's motion to dismiss the indictment, which alleged that the offense occurred on an undetermined date in December 1986. Appellant argues that neither the indictment nor the bill of particulars sufficiently informed appellant of the specific date and time the offense was alleged to have occurred, and that under the circumstances, this inexactitude deprived appellant of his rights to due process under the United States and Ohio Constitutions.

In upholding a three-count indictment which alleged the defendant raped his eight-year-old stepdaughter during three four-to-six-month intervals over a period of fourteen months, we stated in *State* v. *Gingell* (1982), 7 Ohio App. 3d 364, 368, 7 OBR 464, 468, 455 N.E. 2d 1066, 1071-1072:

"Where * * * the inability to produce a specific time or date when the criminal conduct occurred is, as would be the more usual case, without material detriment to the preparation of a defense, the omission is without prejudice, and without constitutional consequence."

Following a review of the record, we find nothing stemming from the time interval set forth in the indictment which could be said to have violated or prejudiced appellant's ability to defend himself. Appellant had a full and fair opportunity to defend against the charge and to protect himself against any future prosecution for the same conduct. We find that appellant's rights to due process and a fair trial were not violated. Appellant's second assignment of error is overruled.

Appellant's third assignment of error alleges:

"The trial court erred in sustaining objections to defensive evidence proffered by defendant."

Appellant contends the trial court erred in sustaining the prosecutor's objections to questions asked appellant by defense counsel on direct examination, thereby precluding appellant from demonstrating that other men had the opportunity to commit the offense.

Defense counsel questioned appellant as follows:

"Q. I see. And now during this time, did the lady — the lady you live with her name is Diane; is that right?

"A. Diane, yes, sir.

"Q. Did you ever hear her accuse anybody else of abusing her daughter?

"MR. TOLBERT: Objection.

"THE COURT: Sustained.

"MR. JOHNSON: May I proffer?

"THE COURT: At a later time. Ask another question.

"* * *

"Q. Let me ask you this. Did the lady that you were living with, Diane, the mother of the child that's complaining here —

"A. Yes, sir.

"Q. Did she complain to you about any abuse of that child by any other person —

"MR. TOLBERT: Objection.

"MR. JOHNSON: — other than you?

"MR. TOLBERT: Objection.

"THE COURT: Sustained.

"MR. JOHNSON: Your Honor, may I proffer the answer?

"THE COURT: No; at a later time."

The victim's mother did not testify at trial.

We note that while the trial court stated that defense counsel could proffer the evidence at a later time, the court never afforded counsel that opportunity. Even though appellant did not raise the issue of a proffer further at trial, we find that it was incumbent upon the trial court to be certain that appellant had the opportunity to proffer the evidence. Under these circumstances, appellant did not waive

any error which may have occurred in the exclusion of the evidence by his failure to make a proffer.

The questions asked by defense counsel clearly called for hearsay testimony. Therefore, the trial court did not err in sustaining the objections of the prosecutor. Appellant's third assignment of error is overruled.

In light of our disposition of appellant's first assignment of error, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and with this decision.

*Judgment reversed*
*anc cause remanded.*

BLACK, P.J., DOAN and KLUS-MEIER, JJ., concur.