The STATE of Ohio, Appellee,

v.

STOKES, Appellant.

[Cite as *State v. Stokes* (1991), 72 Ohio App. 735.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–713.

Decided Feb. 28, 1991.

*Michael Miller*, Prosecuting Attorney, and *James V. Canepa*, for appellee.
*James Kura*, County Public Defender, and *David Strait*, for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Frank Lee Stokes, appellant, from a judgment of the Franklin County Court of Common Pleas. A jury found the appellant guilty of one count of rape in violation of R.C. 2907.02. The victim was the appellant's eight-year-old daughter. The trial court found that the victim was competent to testify against the appellant at trial. She testified as follows: that her father would, on occasion, watch her and her brothers when their mother went to the store. He would make them go to his bedroom and undress. She said that he put his penis into her vagina and on her "bottom." Since it hurt, she would ask him to stop and he would tell her to be still and be quiet. She stated that she did not tell her mother

because her father said he would hurt the mother if she told. The child eventually told her mother "[a]fter he [the father] hurt her [the mother]." With this knowledge, the mother took her to a doctor.

Dr. Richard Kern, a staff pediatrician at Children's Hospital, testified regarding his examination and assessment of the child. Reading from his report, he gave an account, as told to him by the child, of several occurrences of inappropriate sexual conduct between the father and the child. Likewise, the physical evidence, to which Dr. Kern testified, was consistent with the child's account of the inappropriate sexual conduct by the appellant.

A jury found the appellant guilty as charged and the trial court sentenced him to life imprisonment pursuant to R.C. 2907.02(B). The appellant now seeks a review and reversal by this court and is asserting the following six assignments of error:

*"Assignment of Error Number One*

"The trial court committed reversible error and deprived the appellant of due process of law as guaranteed by the United States and Ohio Constitutions by imposing a sentence of life imprisonment in a rape prosecution where the state had presented insufficient evidence to establish that the appellant purposely compelled the victim to submit by force or threat of force.

*"Assignment of Error Number Two*

"The trial court committed reversible error and deprived the appellant of due process of law as guaranteed by the United States and Ohio Constitutions by imposing a sentence of life imprisonment in a rape prosecution where the verdict form returned by the jury did not indicate that the appellant purposely compelled the victim to submit by force or threat of force.

*"Assignment of Error Number Three*

"The trial court committed plain error and deprived appellant of a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution through the admission of inadmissible hearsay statements not motivated by a desire for nor reasonably pertinent to medical diagnosis or treatment.

*"Assignment of Error Number Four*

"The trial court committed plain error and deprived appellant of a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution through the admission of irrelevant and prejudicial 'other acts' testimony in contravention of the Ohio Rules of Evidence and R.C. 2945.59.

*"Assignment of Error Number Five*

"The trial court committed reversible error and deprived appellant of due process of law by entering judgment of conviction for rape where such conviction was not supported by sufficient credible evidence.

*"Assignment of Error Number Six*

"Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Section 10, Article I of the Constitution of the state of Ohio through counsel's failure to object to prejudicial hearsay evidence and inadmissible 'other acts' testimony."

■ Appellant's first and second assignments of error are interrelated and will be discussed together. Appellant asserts that the trial court erred since there is insufficient evidence to establish that the appellant purposefully compelled the victim to submit by force or threat of force. R.C. 2907.02 states:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when either of the following apply:

"* * * *

"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of such person.

"* * * *

"(B) Whoever violates this section is guilty of rape, an aggravated felony of the first degree. If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."

The facts at bar involve an eight-year-old girl being raped by her father. The degree of force which the prosecution must prove to warrant a sentence of life imprisonment was set forth in *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph one of the syllabus, which states:

"The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size and strength. (*State v. Labus* [1921], 102 Ohio St. 26, 38–39, 130 N.E. 161, 164.)"

The child's testimony indicates that the appellant was physically hurting her and that she asked him to stop. However, she testified that the appellant told her to be quiet and be still and threatened her that if she told what had

happened, he would hurt the mother. As set forth in *Eskridge*, there is sufficient evidence to establish the force and violence necessary to warrant a sentence of life imprisonment pursuant to R.C. 2907.02(B).

■ Appellant also asserts that the verdict form did not indicate that the appellant purposely compelled the child to submit by force or threat of force. Upon review, the trial court's jury instructions, in relevant part, state as follows:

"Before you can find the defendant guilty of rape, you must find that the state has proved beyond a reasonable doubt that on or about the period of time from 1st day of October, 1989, through the 17th day of November, 1989, in Franklin County, Ohio, the defendant engaged in sexual conduct with another and the other person was less than thirteen years of age, whether or not the defendant knew the age of such person.

"The state need not prove that the victim physically resisted.

" 'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

"If you find the defendant guilty of rape, you must decide an additional factual question.

"You must decide whether the state has proved beyond a reasonable doubt that the defendant purposely compelled the other person to submit by force or threat of force.

"A person acts purposely when it is his specific intention to cause a certain result. To do an act purposely is to do it intentionally and not accidentally. Purpose and intent mean the same thing. The purpose with which a person does an act is known only to himself, unless he expresses it to others or indicates it by his conduct. Since you cannot look into the mind of another, you must determine purpose from all the facts and circumstances in evidence.

" 'Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."

Likewise, the jury verdict form dated May 18, 1990, and signed by each juror states:

"JURY VERDICT

"We, the Jury in this case, find the defendant, Frank Lee Stokes guilty of Rape as he stands charged in Count 1 of the indictment.

"We, the jury further find that the rape (was was not) committed by force or threat of force.

"Signed by each and every Juror this 18 day of May."

Clearly, the jury was informed and quite aware that part of its duty was to determine whether the appellant exerted force or threat of force.

Accordingly, appellant's first and second assignments of error are not well taken and are overruled.

In the third assignment of error, appellant asserts that the trial court committed plain error by allowing inadmissible hearsay statements into the record. Specifically, appellant relies on *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, in arguing that the trial court improperly allowed Dr. Kern, the physician, to testify as to statements made to him by the child. Since these statements were not motivated by the child's desire for medical diagnosis and treatment as required by Evid.R. 803(4), appellant argues that it was prejudicial to allow these statements into evidence as an exception to the hearsay rule. Likewise, appellant asserts that the testimony of the child's mother regarding the child's statements of appellant physically abusing her brothers was also inadmissible.

The *Boston* case involved a situation where a three-year-old child had been sexually abused by her father. The case is significant since it addressed many of the evidentiary issues raised in child abuse cases. The sexual abuse of a child by a parent is a heinous crime where generally the only witnesses to the crime are the child and the defendant. It is the usual scenario that the defendant intimidates the child into silence regarding the abuse, and the truth comes to light only through evidence of physical abuse.

In *Boston*, the three-year-old child was found by the trial court to be unavailable, rather than incompetent, to testify. See Evid.R. 804(A)(2). In the case at bar, the eight-year-old child was found by the trial court to be competent to testify. She not only testified, but was cross-examined by defense counsel. In regard to Dr. Kern's testimony, there is no question that his testimony meets the conditions of Evid.R. 702, 703 and 705. See *Boston, supra*, at 118–119, 545 N.E.2d at 1230–1232.

The issue is whether specific parts of Dr. Kern's testimony are admissible pursuant to Evid.R. 803(4), which provides:

"Hearsay exceptions; availability of declarant immaterial

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(4) Statements for purposes of medical diagnosis or treatment.

"Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

The trial court in *Boston* recommended limiting the use of Evid.R. 803(4) in these cases, and instead, suggests relying upon Evid.R. 801(D)(1)(c) as a better way of admitting a child's statements to third persons. Evid.R. 801(D)(1)(c) provides:

"The following definitions apply under this article:

" * * *

"(D) Statements which are not hearsay.

"A statement is not hearsay if:

" * * * The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (c) one of identification of a person soon after perceiving him, if the circumstances demonstrate the reliability of the prior identification."

In the facts at bar, the child's statements are used as a corroboration of the child's testimony regarding the perpetrator of the sexual abuse. *Boston, supra,* at 124–125, 545 N.E.2d at 1236–1237. Both the child and Dr. Kern testified at trial, thus, eliminating any Sixth Amendment right of confrontation problems. *Boston, supra,* at 127, 545 N.E.2d at 1238–1239. Likewise, the doctor's testimony regarding the child's out-of-court statements meets the criteria for trustworthiness as established in *Boston.* The statements were elicited in a clinical setting whereby the child's motivation in identifying the abuser was to aid in her treatment or diagnosis. See *Boston, supra,* at 123, 128, 545 N.E.2d at 1235–1236, 1239–1240.

■ The appellant takes issue with the following excerpt from the testimony of the child's mother:

"A. Through the counselor at Choices, she made a referral that because [the child] was so fearful of Frank, to be seen by a counselor at the children's guidance center at Children's Hospital, and [the child] had before that told me of inciden[ts] of physical violence, things that he had done to her and her brothers, and I was concerned and went for counseling. After I think maybe one or two sessions with the counselor, through our conversations, we both came to a mutual agreement that, you know, there was, [the child] had a very big secret that she wasn't telling."

Given the overwhelming evidence against the appellant, even if this statement is to be considered inadmissible hearsay, any error which may have occurred was harmless. This statement, when balanced with the testimony of

the child, the child's mother and Dr. Kern, does not provide a basis for reversing appellant's conviction. Furthermore, the subject matter of this statement was introduced through direct evidence with the testimony of the child-victim. Thus, the statement is non-prejudicial and appellant's third assignment of error is not well taken and is overruled.

■ In the fourth assignment of error, appellant asserts that the trial court committed plain error by allowing the admission of "other acts" in contravention of the Ohio Rules of Evidence and R.C. 2945.59. Specifically, appellant referred to (1) the child's testimony that she was not unhappy that her father left "[b]ecause he hurt my mommy"; (2) Mrs. Stokes' testimony regarding the fact that appellant physically beat her; and (3) the statement made by Mrs. Stokes regarding appellant's physical violence against the younger brothers.

Upon review, the first two statements are not only relevant but crucial to (1) establishing the time frame of when the child came forward with the account that her father had sexually abused her; and (2) demonstrating a necessary element of the crime, that the appellant threatened the child. The appellant threatened the child that if she told anyone of the sexual abuse, he would hurt the child's mother. Mrs. Stokes testified that after appellant physically beat her, she and the child went to Choices, a center for domestic violence. It was during the stay at Choices that a counselor there recommended that the child be seen by a counselor at Children's Hospital. Thereafter, through counseling at Children's Child Abuse Clinic, the child was able to give her account of the sexual abuse.

The third statement of which appellant complains was addressed in this court's disposition of appellant's third assignment of error. Appellant testified at trial and denied all allegations of sexually abusing his children. Thus, the issue became a matter of credibility for the jury. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O.2d 366, 197 N.E.2d 548; *State v. Swiger* (1966), 5 Ohio St.2d 151, 156, 34 O.O.2d 270, 273, 214 N.E.2d 417, 422.

Accordingly, appellant's fourth assignment of error is not well taken and is overruled.

■ In the fifth assignment of error, appellant asserts that the trial court's judgment was not supported by sufficient, credible evidence. The standard of review was set forth in *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus, which states:

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."

The eight-year-old child testified that appellant put his penis in her vagina and her "bottom." She told appellant that it hurt and to stop. She testified

that appellant told her to be quiet and to be still and that if she told anyone he would hurt her mother. This testimony was sufficient, credible evidence to substantiate the jury's guilty verdict in this case.

Accordingly, appellant's fifth assignment of error is not well taken and is overruled.

In the sixth assignment of error, appellant asserts that he was denied effective assistance of counsel through counsel's failure to object to prejudicial hearsay evidence and inadmissible "other acts" testimony. An assertion of ineffective assistance of counsel requires the appellant to satisfy the standard set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See, also, *State v. Brooks* (1986), 25 Ohio St.3d 144, 147, 25 OBR 190, 192–193, 495 N.E.2d 407, 410–411, certiorari denied (1987), 479 U.S. 1101, 107 S.Ct. 1330, 94 L.Ed.2d 182.

The " * * * benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland, supra,* 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–693. The two-part test requires defendant to show that counsel's performance was so deficient that the errors made were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Secondly, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious that defendant was deprived of a fair trial. *Brooks, supra,* 25 Ohio St.3d at 147, 25 OBR at 192–193, 495 N.E.2d at 410–411.

Upon review, appellant has not demonstrated the requisite error to show that his defense counsel fell below the standard set forth in *Strickland, supra.* As discussed in this court's disposition of appellant's third assignment of error, the statements of which appellant complains were properly admitted into evidence. Likewise, as discussed in this court's disposition of appellant's fourth assignment of error, the testimony that appellant asserts was prejudicial was not only relevant but crucial for explaining to the jury how the child's account of the sexual abuse by her father came to be told after her father had threatened her.

Accordingly, appellant's sixth assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first, second, third, fourth, fifth, and sixth assignments of error are not well taken and are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and HOFSTETTER, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.