The STATE of Ohio, Appellee,

v.

SMELCER, Appellant.

[Cite as *State v. Smelcer* (1993), 89 Ohio App.3d 115.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62019.

Decided June 21, 1993.

118

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Laurence R. Snyder,* Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.,* for appellant.

PATRICIA A. BLACKMON, Judge.

Donnie Smelcer, Sr., defendant-appellant, timely appeals the jury verdict from the Cuyahoga County Common Pleas Court finding him guilty of three counts of rape. Smelcer challenges his conviction and assigns ten assignments of error.

Having reviewed the record of the proceedings and the arguments of the parties, we find that the assignments of error are not well taken and we affirm the conviction. The apposite facts follow.

In July 1990, Smelcer and his eleven-year-old son, Donnie Jr., returned home from a trip to a nearby swimming pool. As Donnie Jr. was preparing to take a shower, Smelcer told him to come over and asked Donnie Jr. to perform fellatio

on him. Donnie Jr. refused. Smelcer then said "get over here" and indicated his penis. Afraid that he would be punished, Donnie Jr. complied.

In August 1990, Smelcer asked Donnie Jr. to give him an alcohol rubdown. When Donnie Jr. brought the alcohol into the room, Smelcer made him disrobe and then performed fellatio on Donnie Jr. for about five minutes. Thereafter, Smelcer "pulled over the covers and rolled his eyes," which indicated to Donnie Jr. that Smelcer wanted Donnie Jr. to perform fellatio on him. Donnie complied, again in fear that he would be hurt if he refused.

In September 1990, the Cuyahoga County Department of Human Services was investigating a complaint that Smelcer had been sexually abusing his daughter, Kisha. During an investigatory interview, Donnie Jr. revealed that he had been abused by Smelcer.

Smelcer was arrested and charged with three counts of rape. After a jury trial, Smelcer was convicted and sentenced to life imprisonment on the first count and ten to twenty-five years on Counts Two and Three. The sentence on Count One was to be consecutive to the sentences for Counts Two and Three.

For purposes of clarity, we will address Smelcer's assignments of error in a different order than that in Smelcer's brief.

 Smelcer's first assignment of error claims that the trial court erred in allowing other witnesses to testify about the veracity and credibility of Donnie Jr.

Evid.R. 608(A) states:

"The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

At trial, Dennis Bunkley of the Department of Social Services testified that his organization classified potential sex abuse cases as either "substantiated," "unsubstantiated," or "indicated substantiated." The allegations by Donnie Jr. against Smelcer were classified as "indicated substantiated." The testimony in question was objected to at trial. In addressing the objection, the court stated that the classification was not a judicial determination, but rather a interagency classification. The court allowed the state to inquire about the classification but prohibited any inquiry about whether Bunkley believed Donnie Jr.

Smelcer argues that Bunkley's testimony about the classification of Donnie Jr.'s case amounted to an assessment of Donnie Jr.'s credibility. He cites *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, which held that an expert

may not testify about the expert's opinion of the truth or falsity, or accuracy or inaccuracy, of the statements of a child declarant.

In the case *sub judice,* the expert was not asked nor did he express any opinion about Donnie Jr.'s veracity. Bunkley stated that he classified Donnie Jr.'s case as "indicated substantiated." He did not say that he thought Donnie Jr.'s statements were credible, consistent, or truthful. Bunkley's statement reflected his agency's policy of classification of child abuse cases and not an assessment of Donnie Jr.'s credibility.

In *State v. Cornell* (Nov. 27, 1991), Cuyahoga App. No. 59365, unreported, 1991 WL 251667 this court upheld the admission of expert testimony from a Department of Human Services investigator about why he interviewed a child abuse victim. The testimony was not offered to show that the victim was telling the truth but was a description of her job at the Department of Human Services. *Id.* at 13. In *Cornell,* we stated that the *Boston* decision did not prohibit an expert from giving his or her opinion on whether sexual abuse occurred:

"[A]n expert's opinion testimony on whether there was sexual abuse would aid jurors in making their decision and is, therefore, admissible pursuant to Evid.R. 702 and 704." *Cornell* at 13, citing *Boston,* 46 Ohio St.3d at 128, 545 N.E.2d at 1239.

Furthermore, we find that the evidence concerning the classification had no bearing on the ultimate issue at trial, which was whether Smelcer abused Donnie Jr. Smelcer's first assignment of error is not well taken.

Smelcer's second assignment of error claims that the trial court erred in admitting evidence that Smelcer abused his daughter, Kisha. Smelcer argues that the admission of this evidence was improper under Evid.R. 404(B), which prohibits using evidence of other crimes committed by a defendant to establish his propensity for crime or that his character is in conformity with those acts.

At trial, Smelcer objected to evidence concerning the substance of Kisha's claims that Smelcer abused her. The prosecutor stated that he did not intend to go into the specifics of Kisha's allegations. He sought to use the evidence to establish the timing of the events involving Donnie Jr. The court construed the objection as a motion *in limine* and limited the prosecutor to questions about the dates of Smelcer's alleged abuse of Kisha. The prosecutor was prohibited from asking any questions about the details of Kisha's allegations. Smelcer's trial counsel voiced no objection to the admission of the evidence for this limited purpose:

"So what I'm saying: I have no grief whatsoever with Ms. Smelcer testifying as to the charges she made, and when. * * *

" * * *

"I can understand that she can say on such and such a day she told her mother or whatever that she—you know, that she is being abused or whatever."

We find that the trial court properly restricted the use of the evidence concerning Kisha's allegations that Smelcer abused her. The trial court did not err in admitting this evidence.

■ Smelcer's ninth assignment of error claims the trial court erred in allowing evidence of other sexual contact between Smelcer and Donnie Jr. He argues that the court should not have allowed Donnie Jr. to testify that Smelcer abused him in incidents in Nebraska and Virginia. R.C. 2907.02(D) allows for the admission of evidence regarding the victim's past sexual activity with the defendant if the evidence is material and is more probative than inflammatory or prejudicial. In *State v. Fenton* (1990), 68 Ohio App.3d 412, 588 N.E.2d 951, the court allowed evidence of prior sexual acts between the defendant and the victim that occurred prior to the time specified in the indictment. The court found the evidence to be material to the facts in issue and more probative than prejudicial or inflammatory. *Id.* at 420, 588 N.E.2d at 955. We find no error in the admission of evidence regarding prior sexual contact between Smelcer and Donnie Jr.

■ In his third assignment of error, Smelcer argues that he was denied his right to present a defense by the trial court's refusal to allow the introduction of evidence concerning a prior incident of sexual abuse upon Donnie Jr. by someone other than Smelcer. During his testimony at trial, Donnie Jr. showed a sexual awareness beyond his years. Smelcer feared that the jury might conclude that Donnie Jr.'s awareness was a result of the alleged abuse by Smelcer. Smelcer wanted to show that Donnie Jr.'s sophistication could have resulted from the earlier assault which did not involve Smelcer.

■ The prosecutor objected, claiming that introduction of the evidence would violate Ohio's rape shield law. R.C. 2907.02(D) prohibits evidence of specific instances of the victim's sexual activity unless it involves evidence of the origin of semen, pregnancy, or disease. The evidence must also be material and its inflammatory or prejudicial nature must not outweigh its probative value. The trial court refused to allow the admission of the evidence, stating that the rape shield law precluded evidence concerning prior sexual abuse of Donnie Jr.

We find that this evidence was properly excluded. There is no indication that the evidence of Donnie Jr.'s prior sexual activity was being offered to show the origin of semen, pregnancy, or disease. Smelcer's third assignment of error is not well taken.

 Smelcer's seventh assignment of error (subsection a) argues that the indictment failed to charge an offense under R.C. 2907.02(A)(1)(b), since it did not allege that the victim was not the spouse of the offender. We disagree.

"[An indictment] may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged." R.C. 2941.05.

In this case, the victim was Smelcer's son, Donnie Jr. We find no evidence that Smelcer was, at any time, unaware of the nature of the charges against him. The indictment need not be in the exact language of the statute. Subsection (a) of Smelcer's seventh assignment of error is without merit.

 In subsection (c) of his seventh assignment of error, Smelcer argues that the trial court erred in instructing the jury that the events charged in the indictment need not be shown to have occurred on a certain or exact day. We find no error in this instruction. An indictment need not be dismissed for failure to specify the date of the alleged crime where the ability to defend will not be prejudiced and the defendant has a full and fair opportunity to defend against the charge and to protect himself from future prosecution for the same conduct. *State v. Hill* (1989), 59 Ohio App.3d 31, 570 N.E.2d 1138. We find that the indictment was sufficient to advise Smelcer of the charges against him and that the failure to list exact dates did not impede his ability to defend himself.

 In subsection (d) of his seventh assignment of error, Smelcer argues that the indictment did not include the language "whether or not the offender knows the age of such person." As discussed above, R.C. 2941.05 provides that the indictment can use any words sufficient to advise the defendant of the nature of the charges against him. The omission of the exact language from the statute was not prejudicial to Smelcer.

 In his sixth assignment of error, Smelcer argues that the trial court's deletion of the language regarding "force" in Counts Two and Three of the indictment amounted to an improper constructive amendment of the indictment. Crim.R. 7(D) provides in pertinent part:

"If any amendment is made to the substance of the indictment * * *, the accused is entitled to a discharge of the jury on his motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."

Smelcer has not shown that he was misled or prejudiced by the changes in Counts Two and Three of the indictment. At trial, he stated that he understood the charges against him:

"THE COURT: Counsel for the defense, are you not aware, and have you been aware since the beginning of this trial that the charges against your client, on count two and count three, was of rape: Unlawfully engaged in sexual conduct with Donnie Smelcer, Jr., by purposely compelling him to submit by force [or] the use of force. Donnie Smelcer, Jr. being under the age of 13 years, to wit, 11 years old—

"MR. HUDSON: Yes, your Honor."

We find that the change in the indictment did not prejudice Smelcer and was, therefore, proper under Crim.R. 7(D).

■ Smelcer's fourth assignment of error claims that the trial court erred in its instructions to the jury regarding the definition of "force." This assignment of error is without merit. According to Crim.R. 30(A), a party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. There is no evidence of any objection by Smelcer to the jury instructions.

In *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332, the court held that the failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial would have been otherwise. The jury's finding that Smelcer used force in committing the rape charged in Count One was reasonable based on the evidence presented. As amended by the court, Counts Two and Three of the indictment did not include an allegation that force was used against the victim. The use of force was no longer at issue. There is no evidence that the court's instructions regarding force would have affected the outcome of the case. Smelcer's fourth assignment of error is not well taken.

■ In his seventh assignment of error (subsection b), Smelcer argues that the court erred in not instructing the jury that a culpable mental state was required for a rape conviction. We disagree.

R.C. 2901.21(B) provides that when the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. Rape of a person less than thirteen years old, by means of fellatio, is a strict liability offense. *State v. Astley*

(1987), 36 Ohio App.3d 247, 523 N.E.2d 322. We find no error in the trial court's failure to instruct upon a culpable mental state.

Smelcer's seventh assignment of error (subsection e) also claims that the trial court erred in not instructing the jury on sexual battery. R.C. 2945.11 states that, in charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict. As discussed above, Smelcer failed to object to the jury instructions at trial. According to Crim.R. 30(A), his failure to object amounts to a waiver of any error relating to the instructions. The only exception to this rule is plain error. See *State v. Gideons* (1977), 52 Ohio App.2d 70, 6 O.O.3d 50, 368 N.E.2d 67 (failure to object to a jury instruction does not prevent the application of the plain error rule in a proper case).

In order for a defective jury instruction to rise to the level of plain error, it must be shown that the outcome of the trial clearly would have been otherwise if the instruction was properly given. *Cleveland v. Buckley* (1990), 67 Ohio App.3d 799, 588 N.E.2d 912. We find that, due to the overwhelming evidence against Smelcer, he would have been convicted of three counts of rape even if the court had given instructions regarding sexual battery. The outcome of the trial would not have been different. Any error in the jury instructions was harmless error.

Even assuming, *arguendo*, that the failure to instruct on sexual battery had been properly objected to at trial, we find no reversible error. In *State v. Phillips* (Apr. 13, 1989), Cuyahoga App. No. 55214, unreported, 1989 WL 36707 we held that if the evidence adduced on behalf of the defense is such that, if accepted by the trier of facts, it would constitute a complete defense to all substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense. See, also, *State v. Johnson* (1988), 36 Ohio St.3d 224, 522 N.E.2d 1082 (criminal defendant is not entitled to a jury instruction on gross sexual imposition as a lesser included offense of rape where the defendant has denied participation in the alleged offense, and the jury could not reasonably disbelieve the victim's testimony as to "sexual conduct"). We find no error in the trial court's failure to charge on sexual battery.

In subsection (f) of his seventh assignment of error, Smelcer argues that the court erred in instructing the jury that "when each and every element of the crimes charged against the accused have not been proven beyond a reasonable doubt by the State, then the accused shall be acquitted as to those charges[.]" Smelcer argues that this instruction is an improper statement that violates Smelcer's constitutional right to have all charges against him proven beyond a reasonable doubt. We disagree. The trial judge also said, "[w]hen the State of Ohio has proven *each and every element of the crimes charged* against

the defendant, then the defendant shall be found guilty as to that charge." (Emphasis added.) In determining whether prejudicial error occurred at trial, a jury charge must be considered as a whole. *State v. Workman* (1984), 14 Ohio App.3d 385, 14 OBR 490, 471 N.E.2d 853. Taken together, we find that the trial court's instructions properly explained the state's burden of proving the charges against Smelcer beyond a reasonable doubt.

In his eighth assignment of error and subsection (g) of his seventh assignment of error, Smelcer claims that the trial court erred in overruling his motion for acquittal on Count One of the indictment. In reviewing a ruling on a Crim.R. 29 motion for acquittal, the reviewing court construes the evidence in a light most favorable to the state. *State v. Wolfe* (1988), 51 Ohio App.3d 215, 555 N.E.2d 689. In the case *sub judice,* the state produced evidence that Smelcer engaged in sexual conduct with his son, who was only eleven years old. This evidence is sufficient to defeat a motion for acquittal. It is reasonable for the jury to determine from this evidence that Smelcer was guilty of rape in violation of R.C. 2907.02(A)(1)(b).

Smelcer claims that the element of force was not sufficiently proven in this case. We disagree. The element of force under R.C. 2907.02(A)(1) is established if it is shown that the victim's will was overcome by fear and duress. Force need not be overt and physically brutal. *State v. Fowler* (1985), 27 Ohio App.3d 149, 27 OBR 182, 500 N.E.2d 390. The force and violence necessary to commit rape depends on the age, size and strength of the parties, and their relationship to each other. *State v. Stokes* (1991), 72 Ohio App.3d 735, 596 N.E.2d 480. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years as would be required were the parties more nearly equal in age, size and strength. *Id.* Evidence produced at trial showed that Donnie Jr. initially refused his father's demand for fellatio. He complied only after his father ordered him to "come over here." We find that, in light of the father-son relationship and Donnie Jr.'s young age (eleven), the element of force was sufficiently proven. We find no error in the denial of Smelcer's motion for acquittal.

In subsection (h) of his seventh assignment of error, Smelcer argues that he was placed in double jeopardy when the trial court initially reduced Counts Two and Three of the indictment to sexual battery and later changed its mind. A review of the transcript shows that, after a motion by the defense, the court found that the element of force was not shown in Counts Two and Three of the indictment. Initially, the trial court suggested that Counts Two and Three be changed to sexual battery. The state objected and asked for a reconsideration. After listening to arguments from the prosecution as well as the defense, the trial

court decided to go forward with Counts Two and Three of rape after deleting the language pertaining to force.

▮ We disagree with Smelcer's contention that the court ever dismissed or reduced the charge. A court speaks only through its journal. *State v. Justice* (Sept. 12, 1991), Cuyahoga App. No. 60846, unreported, 1991 WL 180074.

The journal entry for April 23, 1991 reads in pertinent part:

"Defendant's motion for judgment of acquittal, pursuant to Criminal Rule 29 is denied as to all counts.

"*Sua sponte* court reduces counts two (2) and three (3) to 'sexual battery'; upon prosecutor's motion for reconsideration, court amends counts two (2) and three (3) to 'Rape, without force.'"

The comments on the reduction of Counts Two and Three were in response to Smelcer's motion for acquittal under Rule 29. The above journal entry clearly reflects a denial of that motion as to all counts. The trial court's comments cannot be said to have dismissed any of the counts against Smelcer. The change in Counts Two and Three of the indictment was an amendment. As discussed in our evaluation of Smelcer's sixth assignment of error, we find no error in the amendment of the indictment. Subsection (h) of Smelcer's seventh assignment of error is not well taken.

▮ Smelcer's tenth assignment of error argues that his sentence constitutes cruel and unusual punishment. We find that Smelcer's sentence was appropriate under R.C. 2907.02(B). When the sentence imposed is within the statutory limits, the court of appeals cannot hold that the trial court abused its discretion by imposing too severe a sentence. *State v. Coyle* (1984), 14 Ohio App.3d 185, 14 OBR 203, 470 N.E.2d 457. Smelcer's tenth assignment of error is without merit.

▮ In his fifth assignment of error, Smelcer argues that he was denied his right to allocution at the sentencing hearing under R.C. 2947.05 and Crim.R. 32(A)(1).

"Before sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he has anything to say as to why judgment should not be pronounced against him." R.C. 2947.05.

"Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant, and shall also address the defendant personally and ask him if he wishes to make a statement in his own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1).

A review of the record shows that, although the judge asked Smelcer's attorney if he wished to address the court, there is no indication that Smelcer himself was asked to speak. However, the trial court's failure to ask Smelcer to speak did not constitute prejudicial error requiring resentencing.

In *State v. Rexroad* (Jan. 21, 1987), Medina App. No. 1505, unreported, 1987 WL 5564 the defendant's counsel was given a chance to address the court on his client's behalf before sentencing, but the defendant was not asked if he had anything to say. The appellate court found that the trial judge had not committed prejudicial error:

"Counsel for defendant at sentencing was given ample opportunity to address the court on behalf of his client, and did so, at relatively great length. Although the trial judge did not address appellant personally, there is no indication on the record that this omission was objected to by appellant or by counsel. That the judge did not address his presentencing remarks to the defendant's table in the precise terms recited in the rules does not sway the finding of substantial compliance and lack of prejudice." *Rexroad* at 5.

In this case, Smelcer's attorney filed a presentence report which outlined numerous mitigating factors for the trial court to review. Smelcer's attorney also spoke extensively on the record and presented the mitigating factors to the trial court. We find that the presentation of this evidence was sufficient to substantially comply with the requirements of Crim.R. 32(A)(1) and R.C. 2947.05. Smelcer's fifth assignment of error is not well taken.

*Judgment affirmed.*

NAHRA, P.J., and JOHN F. CORRIGAN, J., concur.

Appendix

Assignments of Error

I. Defendant was denied a fair trial when the court allowed other witnesses to testify as to the credibility and veracity of the prosecuting witness, Donnie Smelcer, Jr.

II. The defendant was denied a fair trial when the court permitted evidence of alleged abuse with reference to Kisha Smelcer, daughter of defendant, for which the defendant had not been charged.

III. Defendant was denied his right to present a defense when the court would not allow evidence to show the sexual sophistication of Donnie Smelcer, Jr.

IV. Defendant was denied due process of law when the court constructively amended the statute by modifying the definition of force.

V. Defendant was denied his constitutional right of allocution at the time of sentencing.

VI. Defendant was denied due process of law when the court proceeded to constructively amend Counts Two and Three of the indictment.

VII. Defendant was denied due process of law when he was convicted under an indictment which failed to charge an offense and the court did not properly instruct the jury as to the elements of the crime.

A. The indictment failed to charge an offense.

B. The court failed to instruct upon a culpable mental state for this crime and varied the allegations of the indictment in its instructions.

C. The court improperly expanded the indictment concerning the dates of the offenses.

D. The indictment failed to allege sufficient elements concerning age and no specific finding was required of the jury.

E. The court cannot charge upon the lesser included offense of sexual battery.

F. The court improperly limited a not guilty verdict to lack of proof on all elements.

G. The defendant was denied due process of law when the court failed to dismiss the entire counts of the indictment rather than reduce the charges.

H. The right of the defendant not to be placed twice in jeopardy was violated by the ruling of the court reducing the charge and then changing its mind.

VIII. Defendant was denied due process of law when the court overruled a motion for judgment of acquittal as to Count One of the indictment.

IX. Defendant was denied a fair trial when the court allowed evidence of other sexual activity of the defendant in violation of the statutory prohibition.

X. Defendant was denied due process of law and subjected to a cruel and unusual punishment when he was convicted of the offense of rape rather than sexual battery as demonstrated by the record in this case.