[Cite as *Cleveland v. Reese*, 2016-Ohio-296.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102936**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# SHEILA REESE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2014CRB029336

**BEFORE:** McCormack, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 28, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: David Martin King
310 Lakeside Avenue
Suite 400
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland — Law Department
601 Lakeside Avenue
Room 106
Cleveland, OH 44114

Bryan Fritz
Assistant City Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

**{¶1}** Appellant Sheila Reese and Jacqueline Garner were side-by-side neighbors living in the same duplex. Appellant moved two years ago to the duplex that Garner had lived in for 15 years. The two neighbors were not neighborly; they did not get along. The "bad blood" between them culminated in an over-the-top incident where appellant sprayed Garner with mace. The city of Cleveland charged appellant Reese with assault, a first-degree misdemeanor.

**{¶2}** After a bench trial, the trial court found Reese guilty of assault. The court sentenced her to 180 days of incarceration, all 180 days suspended, and placed her on one year of probation.

**Trial Testimony**

**{¶3}** The city of Cleveland charged appellant under 621.03(a) of its codified ordinances, which states: "No person shall cause or attempt to cause physical harm to another." The transcript reflects the following testimony at trial.

**{¶4}** Jacqueline Garner testified that around 12:30 p.m., on October 6, 2014, she arrived at home. After parking her car, she went to get her mail. She then proceeded to walk to her side of the duplex. As she was looking down at her mail, appellant, who lived next door, came from behind and suddenly sprayed her with mace. Garner screamed, asking appellant why. Appellant said, "I want to fuck you up and your daughter." Garner ran but fell. She got up and ran again to a municipal water department crew who happened to be working nearby. She hollered for help and started

to have an asthma attack. The water department crew called 911 on her behalf. The police arrived 20 minutes later. Her daughter then arrived to take her to the hospital, where a police officer interviewed her regarding the incident.

{¶5} Garner testified there was a troubled history between her and appellant. Ten days before the incident, on September 28, 2014, appellant tried to stab her. In April of that year, there was "another incident." She did not elaborate on either.

{¶6} On cross-examination, Garner also acknowledged that sometime in September 2014, the police were called to Garner's unit when her daughters got into a fight. Afterward, appellant approached her about the police call and Garner told appellant to mind her own business. Garner denied she did anything on October 6 to provoke appellant before appellant sprayed her with mace.

{¶7} Appellant testified to two events that precipitated the mace incident. Garner wanted to sue the apartment's management company for not responding to her complaint about mold on her wall. Garner asked appellant to join her in the suit, but to Garner's dismay, appellant refused to be involved.

{¶8} Appellant also testified that on September 28, she called the police after hearing a disturbance from Garner's apartment. Before the police came, she went over to Garner's house. When she asked Garner if she was okay, Garner "attacked" her, saying, "Bitch, get your ass in [your own] house."

{¶9} Appellant described a drastically different version of the mace incident. She testified that on October 6, 2014, Reese's boyfriend, Caesar Steele, was with her.

After Garner arrived at home and parked her car, she ran up to appellant and pointed her finger in appellant's face, saying "Bitch, you keep my name out [of] your mouth." Appellant testified that Garner pointed her finger three to four inches from her face and she felt threatened. Appellant then put her own hand up to block Garner's finger, saying "get your finger out [of] my face." Garner pushed appellant's hand in appellant's face. The two then "tussled" with each other. At that point, Steele broke up the fight, but Garner turned on him. Appellant stated that she took out the mace from her purse and sprayed Garner in order to protect her boyfriend, who was 78 years old.

{¶10} Steele testified that he saw Garner approach appellant, point her finger at appellant, and say "Bitch, I'm tired of you * * * talking about me to my neighbors." The two started "tussling," and he broke up the fight. When he turned around, they came at each other again. Appellant then reached into her purse, pulled out the mace, and sprayed Garner with it. On cross-examination, Steele acknowledged that "[n]obody's in danger before the mace came out."

{¶11} Before announcing the verdict of guilty, the trial court reasoned that the use of the mace was excessive and unjustified under the circumstances.

{¶12} On appeal, appellant raises three assignments of error. They state:

1.    The trial court erred and violated appellant's state and federal due process rights when it disallowed the defendant's witness testimony in regard to self-defense in violation of R.C. 2901.05, Ohio Constitution Article 1, Section 10, and U.S. Constitution Amendment VI.

2.    The trial court erred and violated appellant's state and federal due process rights when it considered evidence not properly admitted

when deciding appellant's self defense claim in violation of R.C. 2901.05, Ohio Constitution Article 1, Section 10, and U.S. Constitution Amendment VI.

3. The trial court erred and violated the defendant's due process rights when it failed to provide the defendant the opportunity for allocution at sentencing.

**Self-defense**

{¶13} The first and second assignments of error both concern appellant's claim of self-defense. In order to establish self-defense, appellant must demonstrate: (1) she was not at fault in creating the situation giving rise to the affray; (2) she had a bona fide belief that she was in imminent danger of great bodily harm, and that her only means of escape from such danger was in the use of such force; and (3) she must not have violated any duty to retreat or avoid danger. *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990). The elements of self-defense are cumulative, and the defendant must prove all three elements by a preponderance of the evidence. *State v. Jackson*, 22 Ohio St.3d 281, 284, 490 N.E.2d 893 (1986).

{¶14} Under the first assignment of error, appellant claims the trial court erred in not allowing Caesar Steele to answer a question posed by her counsel, depriving her of a right to present evidence of self-defense.

{¶15} Our review of the transcript reflects that appellant presented extensive evidence, through her and Steele's testimony, to establish that she acted in self-defense when she sprayed Garner with mace.

**{¶16}** Appellant's claim relates to a question posed by her counsel to Steele: "[D]id you feel like Sheila [appellant] might be in danger?" The prosecutor objected to this question, and the court sustained the objection. Appellant claims that Steele's testimony in response to this question would be essential to show that appellant, "as viewed by someone who knew her well, had sufficient reason to fear for her safety and act accordingly."

**{¶17}** Steele's answer as to whether *he* felt appellant might be in danger was irrelevant to the germane issue of whether appellant had a bona fide belief that she was in imminent danger of bodily harm. This is because Ohio adopts a subjective test to determine whether the defendant holds a bona fide belief of imminent danger of bodily harm. *State v. Warmus*, 197 Ohio App.3d 383, 2011-Ohio-5827, 967 N.E.2d 1223, ¶ 7 (8th Dist.). The defendant acts in self-defense if he or she "honestly believes" that the danger is imminent. *Id.*, citing *State v. Sallie*, 81 Ohio St.3d 673, 676, 693 N.E.2d 267 (1998). Therefore, Steele's testimony as to whether, from his perspective, *he* felt appellant might be in danger before assaulting Garner with mace was irrelevant in that it was not germane to the issue of whether appellant believed she was in danger of great bodily harm. Accordingly, the trial court did not abuse its discretion in excluding Steele's testimony in response to the question posed. The first assignment of error lacks merit.

**{¶18}** Under the second assignment of error, appellant argues the trial court erroneously based its verdict on "facts not established by the City." The claim relates to

the following statement made by the court when it articulated its reasoning before finding appellant guilty:

> The officer [whose] testimony we did not hear today, which is the officer who actually conducted the investigation, after hearing from both sides apparently decided at the time that the predominant aggressor in the situation was the defendant; and the Court can only assume that that conclusion was drawn because of the use of a weapon of some sort.

{¶19} Appellant claims that in finding her guilty, the trial court improperly took "judicial notice" of the investigating officer's determination that appellant was the primary aggressor. This claim lacks merit.

{¶20} The notion of primary aggressor is typically referred to in the domestic violence context. "Primary aggressor" is not an element of domestic violence or any criminal offense, but rather a determination that is required to be made by a police officer before making an arrest in situations where two persons assault each other. *State v. Boldin*, 11th Dist. Geauga No. 2007-G-2808, 2008-Ohio-6408, ¶ 78; R.C. 2935.032(A); R.C. 2935.03(B)(3)(b).

{¶21} Our reading of the trial court's remark in context indicates that the trial court was simply noting the fact that the investigating officer made the determination that appellant was the primary aggressor and therefore arrested her rather than Garner, because of appellant's use of the spray. This observation was not a taking of judicial notice under Evid.R. 201. Furthermore, the trial court did not rely on the officer's

determination of primary aggressor to reach the guilty verdict. Rather, our review of the transcript reflects that the trial court reviewed and scrutinized the testimony of the trial witnesses to reach the conclusion that appellant's self-defense claim was not supported by the evidence. The second assignments of error is without merit.

**Right of Allocution**

{¶22} Under the third assignment of error, appellant claims the trial court failed to provide her the opportunity for allocution at sentencing.

{¶23} A defendant's right of allocation is described in Crim.R. 32. The rule provides that, at the time of imposing sentence, the trial court shall "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1).

{¶24} R.C. 2929.19, which governs the trial court's duty in a sentencing hearing, also requires the court to "ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." R.C. 2929.19(A)(1).

{¶25} The courts have recognized that the right of allocution applies to both felony and misdemeanor offenders. *Beachwood v. Hill*, 8th Dist. Cuyahoga No. 93577, 2010-Ohio-3313, ¶ 32.

{¶26} Our review of the sentencing transcript reflects that prior to sentencing, appellant's counsel spoke on her behalf. Counsel noted certain mitigating factors: appellant suffered from anxiety disorder and she had a below average IQ. Counsel also

presented the court with letters from people who vouched for appellant's good character: she was a good tenant, and she was active in the church community.

{¶27} Appellant addressed the court as well. However, despite being given the opportunity to make presentence comments, instead of providing mitigating information, she contested her guilt and claimed the victim fabricated the allegations. The trial court at that point stopped her and reminded her that she had been found guilty by the court. Only then did the trial court proceed to sentence her. Immediately after the trial court imposed the sentence, appellant had an outburst — interrupting the court and blurting out: "She's [referring to Garner] going to continue messing with me and calling the police. She going to continue." The bailiff stopped appellant, and the court reprimanded her, threatening to place her in jail if she were to continue disrupting the courtroom.

{¶28} The record thus reflects that appellant was given a full opportunity to address the court. She was interrupted only at the point that, instead of presenting information in mitigation of punishment, she continued to contest the court's already determined finding of guilt. More importantly, the record reflects that her counsel had already advocated on her behalf for a lenient punishment. Appellant fails to demonstrate how her self-proclaimed lack of opportunity to fully address the court prejudiced her. *State v. Smelcer*, 89 Ohio App.3d 115, 623 N.E.2d 1219 (8th Dist.1993) (a claim regarding a defendant's right of allocution is reviewed under a harmless error analysis). The third assignment of error is overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR