STATE of Wisconsin, Plaintiff-Respondent,

v.

Marvin L. HEREFORD, Defendant-Appellant.†

Court of Appeals

*No. 98–1270. Submitted on briefs October 14, 1998.—Decided January 28, 1999.*

(Also reported in 592 N.W.2d 247.)

†Petition to review denied.

605

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Marvin L. Hereford, pro se*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Lara M. Herman*, assistant attorney general.

Before Eich, Roggensack and Deininger, JJ.

ROGGENSACK, J. Marvin Hereford appeals an order of the circuit court denying his motion for a new trial pursuant to § 974.06, STATS. Hereford contends: (1) that he has a constitutional and a statutory right to be tried in the county where the crime was committed, which rights were violated by his trial counsel's successful motion to change venue because counsel did not secure Hereford's permission to seek a change of venue; (2) that he had a right to be present at the hearing at which venue was changed; and (3) that his postconviction counsel was ineffective for not objecting to the change of venue and for failing to assert the ineffectiveness of his trial counsel in that regard. The circuit court denied Hereford's motion for a new trial, without holding an evidentiary hearing, because it concluded that the motion and the record conclusively demonstrated that Hereford was not entitled to relief. We agree with the conclusion of the circuit court; and therefore, we affirm the order denying Hereford's motion for a new trial.

## BACKGROUND

On May 28, 1992, Hereford's trial before a Rock County jury on charges of first-degree intentional homicide while armed ended in a mistrial as the result of a hung jury. A second trial was set to begin on October 5, 1992. On June 3, 1992, *sua sponte* and in the presence of Hereford, the circuit court said it was in the process of attempting to change venue from Rock County to Dane County because it was concerned with whether there would be Rock County facilities available to afford Hereford a re-trial in a timely manner. On August 14, 1992, after realizing that it could not change the venue of a criminal trial *sua sponte*, the court explained that it would not change venue in the case unless Hereford requested it. During this proceeding, defense counsel agreed to consult with Hereford to determine whether he wanted to change the venue of his trial and to promptly file a motion requesting a change of venue if he did.

On August 20, 1992, defense counsel filed a motion dated June 2, 1992 for a change of venue from Rock County, on the grounds that securing an impartial jury was not possible in Rock County. At the August 21, 1992 hearing on that motion, defense counsel submitted media articles in support of his argument that undue and prejudicial publicity made it impossible for Hereford to receive a fair trial in Rock County. The record does not establish whether Hereford was present at this proceeding. The first page of the transcript indicates that Hereford was present, but the court's subsequent statement of appearances does not mention him. However, for purposes of this opinion, we shall assume he was not present. At the close of the hearing, the circuit court granted defense counsel's

motion for a change of venue and set venue in Dane County, over the State's objection.

On October 5, 1992, a second jury was impaneled in Dane County. After a seven-day trial, the jury found Hereford guilty of first-degree intentional homicide while armed. On November 5, 1993, Hereford's post-conviction counsel filed a motion for a new trial based on alleged evidentiary errors, discovery errors and ineffective assistance of counsel in regard to trial per-formance. The circuit court denied the motion, and Hereford appealed to this court. On July 20, 1995, we affirmed the judgment of the circuit court. On January 16, 1998, Hereford, proceeding *pro se*, filed a second motion for a new trial, pursuant to § 974.06, STATS.[1] On February 13, 1998, the circuit court denied Hereford's motion without an evidentiary hearing. This appeal followed.

## DISCUSSION

**Standard of Review.**

If a movant alleges facts sufficient which, if true, would entitle him to relief, a circuit court must hold an evidentiary hearing on the motion. *See State v. Bentley*, 201 Wis. 2d 303, 309, 548 N.W.2d 50, 53 (1996). How-

---

[1] The State does not question Hereford's ability to bring a second motion under § 974.06, STATS., nor does it raise the pro-hibition established in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181–82, 517 N.W.2d 157, 162 (1994), in its brief. Appar-ently, *Escalona* was not raised in the trial court either. Therefore, we do not consider whether it could, under the facts and the timing concerns presented herein, have relevance to this appeal. *See State v. Avery*, 213 Wis. 2d 228, 247–48, 570 N.W.2d 573, 581–82 (Ct. App. 1997).

ever, if a movant fails to allege sufficient facts, or makes only conclusory allegations, or if the record conclusively demonstrates that he is not entitled to relief, the circuit court may, in its discretion, deny the motion without holding a hearing. *Id.* at 309–310, 548 N.W.2d at 53. Whether a motion alleges sufficient facts to entitle a movant to relief is a question of law that we review *de novo*. *Id.* at 310, 548 N.W.2d at 53.

■

A motion to change venue is addressed to the sound discretion of the circuit court. However, a decision made without a reasonable basis in law and fact is an erroneous exercise of discretion. *State v. Mendoza*, 80 Wis. 2d 122, 140, 258 N.W.2d 260, 267 (1977).

■

Whether counsel's actions constitute ineffective assistance is a mixed question of law and fact. *State ex rel. Flores v. State*, 183 Wis. 2d 587, 609, 516 N.W.2d 362, 368–69 (1994) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)). A circuit court's finding of fact will not be reversed, unless it is clearly erroneous. *State v. Pitsch*, 124 Wis. 2d 628, 634, 369 N.W.2d 711, 714–15 (1985); § 805.17(2), Stats. However, ultimately whether counsel's conduct was so deficient as to violate a defendant's right to effective assistance of counsel is a legal determination, which this court decides without deference to the circuit court. *State v. (Oliver) Johnson*, 133 Wis. 2d 207, 216, 395 N.W.2d 176, 181 (1986).

## Venue.

Venue, as that term is generally used, includes two distinct features: the location of the place of trial and the area from which the jury pool is drawn. *See* §§ 971.22 and 971.225, Stats. It is possible under Wisconsin statutes to change one, but not the other. *Id.*

Normally, changing the place of the trial changes the area from which the jury is selected as well. Here, the circuit court considered each feature independently, but decided to change both features of venue to Dane County.

In Wisconsin, a defendant has the right under the state constitution and state statutes to be tried by an impartial jury in the county or district where the crime was committed. WIS. CONST. art. I, § 7;[2] § 971.19(1), STATS.;[3] *Oborn v. State*, 143 Wis. 249, 257, 126 N.W. 737, 741 (1910). The Sixth Amendment of the U.S. Constitution,[4] applied to the states by the Fourteenth Amendment, also provides that the district where the crime is alleged to have occurred is the place where the jury should be selected and the trial should take place. *Williams v. Florida*, 399 U.S. 78, 86 (1970) (citing *Duncan v. Louisiana*, 391 U.S. 145 (1968)). However, a defendant may move for a change of venue if an impartial trial is not possible in the county where the crime occurred. Section 971.22(1), STATS.[5] As an alternative

---

[2] Art. I, § 7 provides in relevant part:

In all criminal prosecutions the accused shall enjoy the right . . . to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law.

[3] Section 971.19(1), STATS., states:

Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided.

[4] The Sixth Amendment to the U.S. Constitution states:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law . . . .

[5] Section 971.22(1), STATS., states in relevant part:

to changing the location in which the trial will take place, a court may order that a jury from another county be selected and then transferred to the county where the case was initially to be held. Section 971.225, STATS.[6] Both statutes establish that a defendant is the party who has the right to bring a motion to change venue. However, no Wisconsin appellate or United States Supreme Court case squarely addresses the question presented here: whether the right to venue in the county where the crime was committed is a fundamental right requiring a personal waiver by the defendant before venue can be changed, or whether moving to change venue is a tactical decision delegated to defense counsel. *See Mendoza*, 80 Wis. 2d at 138–39, 258 N.W.2d at 266–67.

Fundamental rights of a defendant in a criminal trial include the decisions to plead guilty, to have a trial by jury, to appeal, to forego or obtain assistance of counsel, whether to testify, and to refrain from self-incrimination. *State v. Albright*, 96 Wis. 2d 122, 129–30, 291 N.W.2d 487, 490 (1980) (citations omitted). They are essential to the concept of a fair and impartial trial and must be waived personally by the defendant. *Id.* at 130–31, 291 N.W.2d at 491. By contrast, tactical decisions such as whether to contest

---

The defendant may move for a change of the place of trial on the ground that an impartial trial cannot be had in the county.

[6] Section 971.225, STATS., states in relevant part:

In lieu of changing the place of trial under s. 971.22(3), the court may require the selection of a jury under sub. (2) . . . .

(2) If the court decides to proceed under this section it shall follow the procedure under s. 971.22 until the jury is chosen in the 2nd county. At that time, the proceedings shall return to the original county using the jurors selected in the 2nd county.

waiver of juvenile court jurisdiction, whether to cross-examine witnesses and whether to challenge the admission of evidence, utilize counsel's trained insight about the effect the decision will have on the future course of the trial. *See State v. Neave,* 117 Wis. 2d 359, 371, 344 N.W.2d 181, 186–87 (1984), *overruled on other grounds, State v. Koch,* 175 Wis. 2d 684, 499 N.W.2d 152 (1993); *T.R.B.,* 109 Wis. 2d 179, 199, 325 N.W.2d 329, 338 (1982). When a defendant is represented by counsel, he delegates tactical decisions to counsel. *State v. Brunette,* 220 Wis. 2d 431, 443, 583 N.W.2d 174, 179 (Ct. App. 1998); *Albright,* 96 Wis. 2d at 131, 291 N.W.2d at 491.

While the lists of the two categories of rights stated above are helpful, they do not provide a method by which one can measure whether a right that is not on one of the lists is fundamental or merely tactical. However, significant guidance has been provided by Wisconsin Supreme Court and United States Supreme Court decisions which have established that the basic purpose of a jury trial is to prevent oppression of the accused by the State. *State v. Resio,* 148 Wis. 2d 687, 695, 436 N.W.2d 603, 606 (1989) (citations omitted); *Williams,* 399 U.S. at 100. It is important to keep this purpose in mind because when we measure each of the rights listed as fundamental with how it affects the prevention of oppression of the accused by the State, we note that the relinquishment of a fundamental right immediately and directly lowers that protection for the accused. For example, a plea of guilty or a waiver of a trial by jury completely negates the protection afforded by a jury trial; and foregoing the assistance of trial counsel and testifying against oneself can have the same effect as actually foregoing a jury trial. Tactical

decisions, by contrast, do not lower the shield of a jury trial's protection from state oppression. *See State v. Jackson*, 188 Wis. 2d 537, 542–43, 525 N.W.2d 165, 167–68 (Ct. App. 1994). For example, when defense counsel decides which evidence to present, that choice does not affect the basic purpose of a jury trial, nor does counsel's decision not to cross-examine a witness abrogate the jury's function of preventing oppression of the accused by the State. They are merely choices by which the right to a trial by jury is implemented on behalf of a defendant. Therefore, when we consider, in the context of a jury trial, whether a feature of a criminal trial is bottomed on a fundamental right or whether it has lesser underpinnings, we consider the function that that feature performs in a jury trial and how that function affects the purpose of preventing the oppression of the accused by the State. *See Williams*, 399 U.S. at 99–100.

■

Here, the features we examine are those which are present in venue: the right to have the place of the trial and the area from which the jurors are chosen be the county where the crime occurred. The right to an impartial jury, free from undue influence by the State is a fundamental right of every criminal defendant; however, the right to a fair and impartial jury is not necessarily synonymous with maintaining venue in the county where the crime was committed. *See McKissick v. State*, 49 Wis. 2d 537, 545, 182 N.W.2d 282, 286 (1971). Additionally, it has been held that a change of venue is only one method of guaranteeing a fair and impartial jury; other methods include *voir dire* and a continuance. *Id.*

The function of holding the trial in the place where the crime was committed facilitates the convenience of

both the State and the defendant in obtaining and presenting evidence and witnesses, while drawing a jury from the place where the crime was committed, promotes a jury that is comprised of jurors more likely to be familiar with the accused, the witnesses, and the local customs and problems that may have some bearing on the crime committed. In both features, venue has functions which benefit both the State and the defendant. Holding a trial in a county other than the one in which the crime was committed may make it more difficult for the defendant's family to attend the trial, *if* the crime was committed in the county where the defendant's family resides. But their presence at trial has no bearing on how the jury will function. Additionally, there is nothing about the courts of one county as opposed to another county which would interfere with a jury's protection of a defendant from state oppression. Convenience of case presentation is a central function of venue; however, that function must give way to a defendant's right to a jury that is untainted by preconceptions against a defendant. Therefore, the statutes have provided defendants with a means of changing the venue of trial, even though to do so would inconvenience the State. Because the functions afforded by maintaining venue in the county or district where the crime was committed do not immediately and directly affect the protection of a defendant from oppression by the State, we conclude that decisions impacting venue are tactical decisions which are delegated to counsel when a defendant in a criminal trial appears by counsel.[7]

---

[7] Other courts which have considered whether the right to venue in the county or district where the crime occurred is fundamental have come to a similar conclusion. For example, in *People v. Guzman*, 755 P.2d 917, 929 (Cal. 1988), the California

617

██

Hereford also contends a new trial is warranted because he was not present[8] at the hearing when it was decided to change venue. However, because Hereford delegated the right to make tactical decisions to trial counsel when he decided to be represented at trial, his presence was not required before the motion could be heard. *See Brunette*, 220 Wis. 2d at 443–44, 583 N.W.2d at 179. Therefore, it cannot form the basis for ordering a new trial.

## Ineffective Assistance of Trial Counsel.

██

The right to effective assistance of counsel stems from the Sixth Amendment to the United States Constitution and Article I, Section 7 of the Wisconsin Constitution, which guarantee a criminal defendant a fair trial. *See Strickland*, 466 U.S. at 684–86; *State v. Sanchez*, 201 Wis. 2d 219, 227–28, 548 N.W.2d 69, 72–73 (1996). The test for ineffective assistance of counsel has two prongs: (1) a demonstration that counsel's performance was deficient, and (2) a demonstration that the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687.

---

Supreme Court held that defense counsel may waive a defendant's right to venue in the county where the crime was committed, even over a defendant's objection. The court reasoned that the right to change venue is a tactical decision because it does not threaten an individual right of a defendant and it is not essential to protect fair and impartial fact-finding. *Id.*

[8] We note that Hereford went through a seven-day trial in Dane County, but he did not mention that he objected to venue or that he was prejudiced in any way by moving the trial from Rock to Dane County.

The defendant has the burden of proof on both components of the test. *Id.* at 688.

■

To prove deficient performance, a defendant must establish that his or her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. (Edward) Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845, 847 (1990) (citing *Strickland*, 466 U.S. at 687). The defendant must overcome a strong presumption that his or her counsel acted reasonably within professional norms. *Id.* at 127, 449 N.W.2d at 847–48. To satisfy the prejudice prong, the defendant usually must show that counsel's errors were serious enough to render the resulting conviction unreliable. *Strickland*, 466 U.S. at 687.

■

Hereford argues that his trial counsel was ineffective in three instances, all related to the change of venue: (1) for failing to object to the circuit court's *sua sponte* preliminary discussion about a change of venue; (2) for failing to object to Hereford's absence at the hearing where venue was changed; and (3) for failing to inform Hereford of his right to venue in the county where the crime occurred and to secure his waiver before filing a motion to change venue. Because we have concluded that a motion to change venue is a tactical decision under the control of defense counsel, Hereford has not set forth facts sufficient to demonstrate either deficient performance or prejudice for his first two claims that his counsel was ineffective. In regard to his third contention, Hereford has not alleged facts or pointed to anything in the record which demonstrates prejudice attributable to his counsel's failure to consult with him prior to moving to change venue.

Therefore, we conclude the circuit court appropriately denied Hereford's motion for a new trial, without holding an evidentiary hearing.

## CONCLUSION

The right to venue in the county or district where the crime occurred is not a fundamental right of a defendant in a criminal trial. Therefore, the decision to move to change venue is a tactical decision under the control of defense counsel. Defense counsel properly exercised his professional judgment when he successfully moved for a change of venue, without securing Hereford's express permission to do so. Because the change of venue and trial counsel's performance were both appropriate, postconviction counsel was not deficient for not asserting these claims in the postconviction motion. The record conclusively demonstrates that Hereford is not entitled to relief. Therefore, we affirm the order of the circuit court which properly denied Hereford's § 974.06, STATS., motion without an evidentiary hearing.

*By the Court.*—Order affirmed.