**Marvin L. HEREFORD, Petitioner,**

v.

**Gary R. McCAUGHTRY, Warden, Respondent.**

**No. 00–C–405.**

United States District Court, E.D. Wisconsin.

May 31, 2000.

Marvin L. Hereford, Waupun, WI, pro se.

Lara M. Herman, Assistant Attorney General, Madison, WI, for Respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

CLEVERT, District Judge.

In May 1992, petitioner Marvin Hereford was tried before a Rock County, Wisconsin, Circuit Court jury for first degree intentional homicide while armed. A mistrial was declared as the result of a hung jury. Defense counsel then filed a motion for a change .of venue. The trial judge granted the motion on August 21, 1992, during a hearing that Hereford did not attend and the case was transferred to Dane County, Wisconsin, for retrial.

A Dane County jury convicted Hereford on the charge and he is now proceeding on a petition under 28 U.S.C. § 2254 for a writ of habeas corpus alleging: (1) denial of the right to trial by a jury of the district where the crime was committed; (2) denial of the right to be present at the change of venue hearing; (3) ineffective assistance of trial counsel resulting from his attorney's failure to object to the change of venue, failure to inform him of his right to venue in Rock County, and failure to consult with him regarding the change of venue; and (4) ineffective assistance of post-conviction counsel resulting from his attorney's failure to raise on appeal the venue issues and trial counsel's ineffectiveness.

Respondent has moved to dismiss Hereford's petition as untimely. Nevertheless, he filed an answer arguing that the petition should be dismissed on the merits. For the following reasons, the petition will be denied and this case will be dismissed.

## BACKGROUND

Shortly after Hereford's first trial ended with the declaration of a mistrial in May 1992, Rock County, Wisconsin, Circuit Court Judge Edwin C. Dahlberg, held a scheduling conference, attended by Hereford and his counsel. Judge Dahlberg indicated that he was considering, *sua sponte,* a change of venue from Rock County to Dane County. He was concerned that there would not be adequate facilities in Rock County to timely retry the case. In a subsequent hearing, Judge Dahlberg announced that he could not change venue *sua sponte,* and that the defendant would have to make the request. In response, defense counsel advised that he had not consulted Hereford on the issue, and the hearing was continued to allow time to do so. Thereafter, allegedly without consulting Hereford, defense counsel moved for a change of venue based on extensive prejudicial publicity in Rock County during the first trial. The motion was granted over the state's objection and Hereford was retried and convicted by a Dane County jury.

Hereford took a direct appeal from his conviction alleging evidentiary and discovery errors. *See State v. Hereford,* 195 Wis.2d 1054, 537 N.W.2d 62 (Wis.Ct.App. 1995). The conviction was affirmed by the Wisconsin Court of Appeals and Hereford's petition for review by the Supreme Court of Wisconsin was denied. *State v. Hereford,* 542 N.W.2d 154 (Wis.1995). On March 18, 1996, the United States Supreme Court denied certiorari. *Hereford v. Wisconsin,* 516 U.S. 1183, 116 S.Ct. 1286, 134 L.Ed.2d 230 (1996).

On January 16, 1998, Hereford filed a motion for state post-conviction relief citing the grounds raised in the instant petition. The trial court denied the motion and the Wisconsin Court of Appeals affirmed. *State v. Hereford,* 224 Wis.2d 605, 592 N.W.2d 247 (Wis.Ct.App.1999). The Supreme Court of Wisconsin denied review on April 6, 1999. *State v. Hereford,* 225 Wis.2d 490, 594 N.W.2d 384 (Wis.1999). The instant petition was filed on March 22, 2000.

## ANALYSIS

Under § 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have a 1–year statute of limitations for filing applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Because Hereford's conviction became final before enactment of the AEDPA on April 24, 1996, the one year period began on that date, *see Lindh v. Murphy,* 96 F.3d 856, 865–66 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), thereby providing Hereford until April 23, 1997, to file a timely petition. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir.1999).

Hereford contends his petition is rendered timely by 28 U.S.C. § 2244(d)(1)(D), which provides that the 1–year period does not run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." To avail himself of this provision, Hereford argues that he was unable to discover the factual predicate of his claims until mid-April 1996, after the United States Supreme Court denied review of his direct appeal and his appellate counsel mailed him his file.

> Hereford asserts there was nothing he could have done to find the factual predicate of the claims any sooner. And that he did not receive the documents he used to find the facts to his claims until early April 1996, after his petition for writ of certiorari to the United States Supreme Court was denied. At that time his appellate counsel mailed them to him.

Petition's Reply at 5. Hereford adds that because of the size of the file and the limited time provided by the correctional institution to review it, it took considerable time to discover the factual basis of his claims, although he does not state exactly when he did so. He further states that

within two weeks of discovering the factual predicate, he filed his motion for post-conviction relief in the state court on January 16, 1998. Under § 2244(d)(2), the time during which a properly filed petition for state post-conviction relief is pending tolls the running of the 1–year limitations period. Therefore, because his post-conviction motion was pending until April 6, 1999, when the Wisconsin Supreme Court denied review, Hereford asserts his petition is timely.

■ Hereford's claim that he could not have discovered the factual predicate of his claims until April 1996 is unpersuasive. There is no reason why he could not have requested copies of his file (including any pertinent transcripts) during the 5–year pendency of his direct appeal instead of waiting passively for return of the file. To the contrary, Hereford's unquestionable knowledge that venue of his trial had been changed without his personal approval should have led him, in the exercise of due diligence, to request and to review his files. That he did not receive the files until April 1998, was a product of his own passivity and lack of diligence and *not* something outside of his control.

Regardless, Hereford's argument regarding the return of his files is simply a red herring. The factual predicate of his claims was known to him or discoverable through the exercise of due diligence no later than October 1992, when his retrial commenced in Dane County. At that point, Hereford knew that venue of his case had been transferred to Dane County and there was no need to review any transcripts to determine what had occurred or to ascertain whether the issue had been discussed with his attorneys. If Hereford had any concerns about his case being tried in Dane County, or how the change in venue came about, all he had to do was ask his counsel why he was being retried in Dane County rather than Rock County.

At the very least, Hereford's exercise of due diligence would have involved asking this simple question of his defense counsel.

■ Hereford misapprehends the pertinent inquiry when he asserts that he did not have evidence to support his claims and/or that he did not realize that he might have a claim until his review of transcripts. The critical determination under § 2244(d)(1)(D), is whether the "factual predicate" for the claims (not their legal basis or all evidence supporting the claims) could have been discovered through the exercise of due diligence. *Cf. United States v. McNair,* 1999 WL 281308 (E.D.Pa.1999) (applying corresponding provision applicable to § 2255 motions and noting "Under the explicit terms of the statute ... a claim accrues when the defendant knows the facts underlying his claim, not the legal basis for any claim which may arise from those facts"). In this regard, § 2244(d)(1)(D) comports with the federal common-law discovery rule under which a claim accrues when the victim knows of his injury even though the victim does not know that the injury is actionable. *See United States v. Kubrick,* 444 U.S. 111, 119–23, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (negligence claim accrues when plaintiff is aware of injury not when plaintiff learns that the injury was negligently inflicted); *McCool v. Strata Oil Co.,* 972 F.2d 1452, 1465 (7th Cir.1992) ("as to accrual, we, like the Supreme Court, have maintained that there is an important distinction between discovery of an injury and discovery of a cause of action"). As explained above, Hereford knew the factual predicate for his claims (i.e., his injury) before receiving his files in 1996. That the files may have contained information suggesting that his injury was actionable is beside the point.[1] Therefore, the court concludes that Hereford's venue related

---

1. In light of the foregoing conclusions, the court need not resolve whether the approximately 20 month delay between April 1996 when Hereford received his files and January 1998 when he filed his state post-conviction motion renders the petition untimely.

claims and claims of ineffective assistance of trial counsel are untimely.[2]

Even if Hereford's petition were timely, it must be dismissed on the merits. The issues presented here were presented by Hereford in his state court motion for post-conviction relief. The Wisconsin Court of Appeals affirmed the denial of post-conviction relief by concluding that venue in the county where the crime was committed is not a fundamental right requiring personal waiver by the defendant. Rather, the court found that change of venue is a tactical decision within the control of defense counsel. *State v. Hereford*, 224 Wis.2d 605, 617, 592 N.W.2d 247, 252 (Wis.Ct.App.1999). The court further determined that Hereford had no right to be present at the change of venue hearing because he delegated tactical decisions to his trial counsel. *Id.*, 224 Wis.2d at 618, 592 N.W.2d at 253.

Hereford's post-trial motion alleged that trial counsel was ineffective by (1) failing to object to the circuit court's *sua sponte* preliminary discussion about a change of venue; (2) failing to object to his absence at the change of venue hearing; and (3) failing to inform him of the right to be tried in the county where the crime occurred and to secure his waiver of that right. In light of its determination that change of venue is a tactical decision under the control of trial counsel, the Wisconsin Court of Appeals concluded that Hereford could not establish either deficient performance of trial counsel or prejudice with respect to his first two claims. As for the third, the court found that Hereford had made no showing of prejudice resulting from trial counsel's failure to consult with him. *Id.*, 224 Wis.2d at 619, 592 N.W.2d at 253. As earlier noted, the Wisconsin Supreme Court denied review. *State v.*

*Hereford*, 225 Wis.2d 490, 594 N.W.2d 384 (Wis.1999).

█ Where, as here, a state prisoner's habeas claims have been adjudicated on the merits in state court, an application for a writ of habeas corpus may not be granted as to those claims unless the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is "tempered by AEDPA's deferential constraints." *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir.1999), *certiorari denied sub nom. Sanchez v. Schomig*, —— U.S. ——, 120 S.Ct. 1724, —— L.Ed.2d —— (2000). As explained by the Seventh Circuit, § 2254(d),

> has altered our analysis of habeas claims in several respects relevant to the present case. First, § 2254(d)(1) directs that we are no longer permitted to apply our own jurisprudence, but must look exclusively to Supreme Court case law in reviewing a petitioner's claim. Second, our criterion for assessing the reasonableness of a state court's application of Supreme Court case law, pursuant to § 2254(d)(1), is "whether the determination is at least minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir.1997).

*Sweeney v. Parke*, 113 F.3d 716, 718 (7th Cir.1997). *See also Sanchez*, 189 F.3d at

---

2. The court need not address the timeliness of Hereford's claim that his post-conviction counsel provided ineffective assistance of counsel. It is well-established that there is no constitutional right to post-conviction counsel, *see Pennsylvania v. Finley*, 481 U.S. 551, 555–57, 107 S.Ct. 1990, 95 L.Ed.2d 539

(1987) (no right to counsel in state post-conviction proceedings); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir.1999); *Morrison v. Duckworth*, 898 F.2d 1298, 1301 (7th Cir. 1990), and therefore any alleged ineffectiveness of post-conviction counsel cannot serve as the basis for federal habeas relief.

623 ("The upshot of all of this is that federal review is now severely restricted; the fact that we may think certain things could have been handled better by the state trial judge or by the prosecuting attorney or by a state reviewing court means very little."). Guided by these standards, this court examines Hereford's claims.

The Wisconsin Court of Appeals correctly observed, "no ... United States Supreme Court case squarely addresses the question presented here: whether the right to venue in the county where the crime was committed is a fundamental right requiring a personal waiver by the defendant before venue can be changed, or whether moving to change venue is a tactical decision delegated to defense counsel." 224 Wis.2d at 614, 592 N.W.2d at 251. This court's research has failed to locate any decision by the Supreme Court in which the right to venue in the State and district of the crime was deemed a fundamental right, much less a fundamental right requiring personal waiver by the defendant.

In *United States v. Johnson,* 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (1944), the Court noted: "Aware of the unfairness and hardship to which trial in an environment alien to the accused exposes him, the Framers wrote into the Constitution that 'The trial of all crimes ... shall be held in the State where the said crimes shall have been committed ....' Article III, s 2, cl.3. As though to underscore the importance of this safeguard, it was reinforced by the provision of the Bill of Rights requiring trial by 'an impartial jury of the State and district wherein the crime shall have been committed.' Sixth Amendment." 323 U.S. at 275, 65 S.Ct. 249. In addition, the Supreme Court observed that "[t]hese are matters that touch closely the fair administration of criminal justice and public confidence in it, on which it ultimately rests." *Id.* at 276, 65 S.Ct. 249. However, although the Court in *Johnson* affirmed the quashing of a criminal information because

the statute at issue permitted a construction under which the defendant could be tried in a district other than where the crime was committed, the Court did not hold that venue is a fundamental right, nor a right requiring personal waiver by the defendant.

This court also notes that in *Duncan v. State of Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), venue went virtually unmentioned and played no discernable role in the court's determination that the right to a jury trial, guaranteed by the Sixth Amendment and applicable to the states through the Due Process Clause of the Fourteenth Amendment, is "a fundamental right, essential to a fair trial." 391 U.S. at 149, 88 S.Ct. 1444 (internal quotation marks omitted).

It is instructive that in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court did not suggest that a knowing and voluntary waiver of the right to a jury trial requires that the defendant be admonished regarding entitlement to a jury trial in the State and district where the crime was committed. Indeed, while Federal Rule of Criminal Procedure 11, which governs the acceptance of guilty pleas in District Courts and codifies the constitutional requirements stated in *Boykin, see* Fed.R.Crim.P. 11(c) advisory committee's note on 1974 amendments, requires that a defendant be advised, among other things, that he is waiving the right to a jury trial, it does not require that the defendant be advised as to venue. Under Hereford's theory, countless guilty pleas accepted by federal courts following the dictates of Rule 11 would be rendered infirm, a position that finds no support in any Supreme Court or reported lower federal court decision.

In the absence of any binding contrary authority, this court cannot conclude that Hereford was subject to an unreasonable application of clearly established federal law articulated by the Supreme Court when the Wisconsin court rejected his venue claims. Nor can this court find that the

Wisconsin court's determination that (1) the decision to file a motion to transfer venue is a tactical one that may be delegated to trial counsel and (2) that Hereford's presence at the change of venue hearing was not required, are contrary to, or an unreasonable application of clearly established federal law.

■ Although this court agrees with the state court's conclusion that Hereford's presence was not constitutionally required for the trial court to properly consider a venue motion, it arrives at that conclusion on different grounds. The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant "the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). Explaining the parameters of that right in *Stincer*, the Court stated:

> The Court has assumed that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. Although the Court has emphasized that this privilege of presence is not guaranteed when presence would be useless, or the benefit but a shadow, due process clearly requires that a defendant be allowed to be present to the extent that a fair and just hearing would be thwarted by his absence[.]

*Id.* (internal quotation marks and citations omitted). Here, it is plain that Hereford's presence had no reasonably substantial relation to his defense and that the benefit of his presence would have been "but a shad-

ow." At the change of venue hearing, defense counsel simply introduced evidence of extensive prejudicial publicity in Rock County. On the weight of that evidence, the motion to transfer venue was granted over the state's objection. Hence, Hereford's presence at the hearing would have been of no use to his defense. It follows that Hereford's due process rights were not violated by his absence from the hearing where the court considered whether to change venue.[3]

■ In rejecting Hereford's ineffective assistance of counsel claims, the state court, correctly applied the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standards in concluding that Hereford could demonstrate neither deficient performance by trial counsel nor prejudice resulting from counsel's failure to object to the circuit court's preliminary discussion about changing venue or to object to his absence from the venue hearing. The court also concluded that Hereford had made no showing of prejudice resulting from counsel's failure to confer with him about the change of venue or to obtain his waiver before filing the motion to transfer venue. Again, this court cannot conclude that the state court's determinations were either contrary to clearly established federal law, or an unreasonable application of clearly established federal law as stated by the Supreme Court. The circuit court transcripts reveal that defense counsel were aware of extensive publicity during the course of Hereford's first trial that they deemed prejudicial to Hereford's ability to have a fair retrial in Rock County. There is no basis to conclude that trial counsel's judgment on this score fell below an objective standard of reasonableness nor any clearly established federal law to the contrary. Moreover, there is no reason to

---

**3.** The court notes that although Hereford now states that had he been present at the venue hearing he would have voiced his objection to a change of venue, the record reveals that he voiced no such objection when the circuit court judge indicated in Hereford's presence that he was attempting *sua sponte* to transfer venue to Dane County. Nor is there any indication in the record before this court that Hereford ever voiced any objection to venue during the entire course of his retrial in Dane County.

conclude that it was objectively unreasonable for defense counsel to apparently decide that Hereford's presence was unnecessary during the venue proceeding. While there can be little serious question that it would have been prudent for trial counsel to have conferred with Hereford about a change of venue, the state court's determination that Hereford made no showing that this deprived him of a fair retrial, *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052, must stand. Hereford's submissions to the state court are devoid of any meaningful evidence of prejudice, and reveal that Hereford's proof was nothing more than a naked assertion that he was denied "trial by an impartial jury of the county or district wherein the crime occurred [a]s well as his constitutional and statutory right to be present at the venue proceeding." Exhibit D to Respondent's Alternative Answer to Petition for Writ of Habeas Corpus (Appellant's Reply Brief on Appeal from Denial of Post–Conviction Relief) at 8.

Now, therefore,

IT IS ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is denied and this action is dismissed with prejudice.