Frank L. **STOKES**, Petitioner–Appellant,

v.

Michael R. **LEONARD**, Warden, Respondent–Appellee.

No. 00–3797.

United States Court of Appeals, Sixth Circuit.

April 4, 2002.

Before KEITH, KENNEDY, and BATCHELDER Circuit Judges.

BATCHELDER, Circuit Judge.

The Petitioner–Appellant, Frank L. Stokes, appeals the district court's orders dismissing as time-barred his habeas corpus petition, filed on April 16, 1999, and denying his motion to alter or amend that judgment. Finding that the district court properly concluded that the petition was not brought within the period required by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996), we will affirm.

Stokes was convicted of rape in Franklin County, Ohio, and sentenced to life imprisonment on May 18, 1990. His conviction was affirmed on direct appeal,[1] and on July 17, 1991, the Ohio Supreme Court denied jurisdiction. Stokes filed a petition for post-conviction relief in the Franklin County Common Pleas Court on September 20, 1996. The court denied the petition on April 11, 1997. The Franklin County Court of Appeals affirmed on March 19, 1998.[2] The Ohio Supreme Court, on July 15, 1998, again denied jurisdiction.

On April 16, 1999, Stokes filed a habeas petition under 28 U.S.C. § 2254, asserting a number of constitutional claims, including a claim that his trial counsel provided ineffective assistance because he failed to conduct any investigation into the charges of sexual abuse or to retain an expert

---

1. Stokes there raised an ineffective assistance of counsel claim (different from the claim he raises in his federal habeas petition) based on the failure of his attorney to object to allegedly inadmissable testimony. *State v. Stokes,* 72 Ohio App.3d 735, 596 N.E.2d 480, 485 (1991). The court ruled that Stokes failed to make the required showing for a claim of ineffective assistance. *Id.*

2. There, Stokes raised an ineffective assistance of counsel claim similar to the claim he asserts here on appeal. The Franklin County Court of Appeals rejected the claim as barred by res judicata–because Stokes could have raised his "new" ineffective assistance claims on direct review along with his prior ineffective assistance of counsel claim *State v. Stokes,* No. 97APA06–836, 1998 WL 120301, at *3 (Ohio Ct.App. March 19, 1998) (unpublished).

witness to counter the state's sexual abuse evidence. The Warden moved to dismiss the petition arguing that the statute of limitations. 28 U.S.C. § 2244(d),[3] barred Stokes's petition. Stokes responded with two claims: first, that the statute of limitations did not begin to run until October 13, 1998, the date on which the time expired for filing a petition for certiorari in the Supreme Court, or, alternatively, that the statute of limitations was tolled from September 20, 1996, the date that he filed his petition for collateral review, until October 13, 1998, the last date on which he could have filed a petition for certiorari in the Supreme Court.

Citing *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir.1999), the district court held that because Stokes's conviction became final prior to the effective date of AEDPA, the statute of limitations began to run on April 24, 1996, the effective date of AEDPA, and Stokes had one year from that date within which to file his petition for habeas corpus. Further, the court held, the statute was tolled only during the period in which the petition for post-conviction relief was actually pending, that is, from the date on which Stokes filed his petition for post-conviction relief in the state court until the Ohio Supreme Court denied further review. That period, the court said, did not include the time during which Stokes could have sought–but did not in fact seek–review in the United States Supreme Court. *See, e.g., Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir.1999). Hence, the statute of limitations ran from April 24, 1996, until September 20, 1996; was tolled from September 20, 1996, until July 15, 1998; resumed on July 16, 1998; and expired on February 17, 1999.

In his timely motion to alter or amend, Stokes raised for the first time the claim that he did not discover the factual predicate to his ineffective assistance of counsel claim until September 5, 1996, the date on which his expert, Dr. Brams, executed an affidavit containing her opinion that Stokes's trial counsel's failure to utilize readily available scientifically based data, or to employ an expert witness at trial to rebut the state's witnesses concerning child abuse allegations and child victim testimony, was inexcusable. Because his discovery of this particular deficiency in his trial counsel's performance was the latest of the triggering events under 28 U.S.C. § 2244(d)(1)(D), Stokes argued, the statute of limitations did not begin to run until that date. Under his rationale, the statute was then tolled throughout the period of his post-conviction proceedings, ending either on July 15, 1998, (when the Ohio Supreme Court denied further review) or–as he continued to argue–on October 13, 1998 (at the expiration of the period for review by the Supreme Court).

The district court denied the motion, holding that the date on which Dr. Brams signed her affidavit was not the date on which Stokes could have discovered the factual predicate for his claim of ineffective assistance of counsel and that Stokes had entirely failed to show why he did not discover the ineffective assistance earlier, given that the acts complained of occurred during his 1990 trial. The district court

3. Section 2244(d) states in relevant part:
(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
. . .
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application of State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

granted Stokes's application for a certificate of appealability.

In his opening brief on appeal Stokes advances two arguments in support of his claim that the district court erred in holding that his petition is time-barred: (1) the statute of limitations, under § 2244(d)(1)(D), did not begin to run until September 5, 1996, the date he claims to have discovered the factual predicate to his ineffective assistance of counsel claim; and (2) the statute of limitations was tolled during the period that he could have sought review in the United States Supreme Court. In his reply brief, however, Stokes concedes that our decision in *Isham v. Randle*, 226 F.3d 691 (6th Cir.2000) forecloses the latter argument.

We review de novo the district court's interpretation of a statute. *United States v. Alvarez*, 266 F.3d 587, 591 (6th Cir. 2001). The district court's factual conclusions we review for clear error. *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir.1992).

We find no error in the district court's order dismissing the petition. Accordingly, we hold that the statute of limitations began to run on April 24, 1996, the effective date of AEDPA; was tolled from September 20, 1996, through July 15, 1998, the period during which Stokes's post-conviction proceedings were actually pending; resumed on July 16, 1998; and expired, at the latest, on February 17, 1999, well before this petition for a writ of habeas corpus was filed. Accordingly, unless Stokes can demonstrate some other basis upon which we must find that the statute of limitations did not begin to run on April 24, 1996, the effective date of AEDPA, or was tolled beyond February 17, 1999, his petition is time-barred. We therefore turn to Stokes's claim that the district court erred in denying his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

The statute of limitations runs from the latest of several specified events, 28 U.S.C. § 2244(d)(1), one of which is the date on which the factual predicate of the claim or claims could have been discovered through the use of due diligence. 28 U.S.C. § 2244(d)(1)(D). Stokes maintains that he had no knowledge of the factual predicate for this ineffective assistance of counsel claim until Dr. Brams executed her affidavit on September 5, 1996, and "[w]hen the factual predicate *was* discovered through the exercise of due diligence, the statute of limitations commenced." (emphasis added). The Warden argues that the date on which Dr. Brams signed the affidavit is immaterial, since Stokes could and should have known of his ineffective assistance of counsel claim years earlier.

The petitioner has the burden of persuading the court that he has exercised due diligence in his search for the factual predicate of his claim. *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir.2001). The Eleventh Circuit has held that an application that "merely alleges that the applicant did not actually know the facts underlying his ... claim" is insufficient to show due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir.1997).

A claim of ineffective assistance of counsel is established through a two part test: (1) deficient attorney performance; and (2) prejudice to the defendant resulting from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant is prejudiced if counsel's inadequate performance renders the result of a trial unreliable. *Id.* What is ineffective performance is determined by the norms of the practice. *Id.* at 688, 104 S.Ct. 2052.

The conduct that Stokes claims resulted in ineffective assistance was the failure of his attorney to investigate the scientific literature and to find expert witnesses to

rebut the state's expert witnesses with regard to child abuse allegations and child victim testimony. Dr. Brams's affidavit in support of Stokes's ineffective assistance claim states repeatedly that "defense counsel should have been aware [of] this information [regarding child abuse allegations] and should have familiarized himself with [it]." The affidavit emphasizes that Stokes's trial attorney failed to procure or use "a very large scientifically-based body of evidence" that is not only "readily available to attorneys," but "has been disseminated to the public through the media in a number of ways."

Other than his repeated bald assertions, Stokes has presented nothing to support his claim that the help of an expert was necessary to his discovering his trial attorney's poor performance. Stokes had new counsel for his direct appeals, who–according to Stokes's own expert, Dr. Brams–could and should have recognized that readily available information crucial to Stokes's defense was not presented at his trial. Dr. Brams, who is not a lawyer, recognized from the record the alleged deficiencies in the trial attorney's performance. If a non-lawyer could recognize the deficiencies from the record, certainly the attorneys who prepared Stokes's appeals could have discovered this glaring error. And Stokes offered no explanation why he waited more than six years after his conviction to seek out an expert such as Dr. Brams who could provide the information about child abuse that Stokes claims his trial counsel failed to offer during the trial.[4] Indeed, the essence of Stokes's claim is that because he needed an expert to determine whether he needed an expert, he could not have discovered that he needed an expert until he had an expert. While we do not hold here that

such a claim would never have merit, it is patently obvious that it has no merit here. Under the circumstances of this case, to permit Stokes's argument to prevail would be to render the statute of limitations meaningless.

We find no error in the district court's conclusion that Stokes wholly failed to demonstrate that, using due diligence, he could not have discovered the factual predicate for this claim of ineffective assistance of counsel within the statutory period mandated by AEDPA. We hold, therefore, that the district court did not err in denying Stokes's motion to alter or amend the judgment dismissing his petition for a writ of habeas corpus.

Accordingly, we AFFIRM the judgment of the district court.

---

4. One might ask how Stokes came to inquire of Dr. Brams in the first place unless Stokes had some knowledge of the factual predicate for this claim prior to his obtaining Dr. Brams's affidavit.