Terry Darsele BROOKS, Petitioner,

v.

Kenneth MCKEE, Respondent.

No. CIV.A. 03–CV–40036–FL.

United States District Court,
E.D. Michigan,
Southern Division.

March 9, 2004.

Terry Brooks, Bellamy Creek Correctional Facility, Ionia, MI, Pro Se.

Brenda E. Turner, Michigan Department of Attorney General, Habeas Corpus Division, Debra M. Gagliardi, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for David Gorcyca, Oakland County Prosecutor, Kenneth McKee, Respondents.

## OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

GADOLA, District Judge.

Petitioner Terry Darsele Brooks, a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. For the reasons set forth below, the Court dismisses the habeas petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

### I. Facts and Procedural History

Petitioner was convicted of attempted false pretenses over $100.00 and of being a fourth habitual offender in the Oakland County Circuit Court in 1993. He was sentenced to 10 to 30 years of imprisonment. Petitioner did not file an appeal as of right with the Michigan Court of Appeals.

Petitioner filed a federal habeas petition with this Court on August 15, 1994, which was dismissed without prejudice. *Brooks v. Hofbauer,* No. 94–CV–73146–DT (E.D.Mich. Jan. 28, 1995). The United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of probable cause and his request for rehearing. On or about June 9, 1995, Petitioner filed a motion for relief from judgment with the trial court which was denied without prejudice for failure to comply with the Michigan Rules of Court. *People v. Brooks,* No. 92–120474 (Oakland Co. Cir. Ct. Aug. 14, 1995). Petitioner filed a second federal habeas petition, dated March 17, 1999, on May 11, 1999 which was dismissed without prejudice for failure to exhaust state court remedies. *Brooks v. McLemore,* No. 99–71844 (E.D.Mich. May 4, 2000). The Court also denied a certifi-

cate of appealability on August 16, 2000. The United States Court of Appeals for the Sixth Circuit subsequently dismissed Petitioner's appeal and denied rehearing.

While the federal proceedings were pending, Petitioner filed another motion for relief from judgment with the state trial court on September 22, 1999, which was considered and denied. *People v. Brooks,* No. 92–120474–FH (Oakland Co. Cir. Ct. June 9, 2000). Petitioner filed an application for writ of habeas corpus with the Michigan Court of Appeals on January 1, 2002, which was dismissed for lack of jurisdiction. *People v. Brooks,* No. 239159 (Mich.Ct.App. March 20, 2002). Petitioner's request for rehearing was denied on April 30, 2002. Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Brooks,* No. 121748 (Mich. July 29, 2002). Petitioner's request for rehearing was denied on September 30, 2002.

█ Petitioner signed the present petition for a writ of habeas corpus on February 3, 2003, and the petition was filed with this Court on February 21, 2003. Petitioner claims that he was denied his constitutional rights under the Sixth and Fourteenth Amendments to the Constitution because defense counsel failed to file an appeal of right in the state court challenging his convictions. Respondent did not timely file an answer to the petition. On January 30, 2004, this Court issued an order requiring Petitioner to show cause why his petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions.[1] Petitioner filed a respon-

sive pleading, dated February 25, 2004, on March 1, 2004.

## II. *Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.,* became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroac-

---

1. A district court has the authority to *sua sponte* raise the statute of limitations issue and dismiss a habeas corpus petition on that ground as long as the petitioner is afforded notice and an opportunity to be heard prior to dismissal. *See Scott v. Collins,* 286 F.3d 923, 930 (6th Cir.2002); *accord Hill v. Braxton,* 277 F.3d 701, 707 (4th Cir.2002); *Herbst v. Cook,* 260 F.3d 1039, 1043 (9th Cir.2001); *Acosta v. Artuz,* 221 F.3d 117, 125 (2d Cir. 2000).

tively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

■ Petitioner did not file his motion for relief from judgment with the trial court until September 22, 1999. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir.2003). Thus, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction mo-

tion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F.Supp.2d 986, 988 (E.D.Mich.1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.2001).

Additionally, the Court notes that Petitioner's federal habeas petitions did not statutorily toll the one-year period. *See Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to toll the limitations period). Moreover, even that petition was not signed until March 17, 1999, which was well beyond the one-year grace period. Thus, his current petition is untimely.

■ Petitioner does not allege any facts to establish that the state created an impediment to the filing of his habeas petition or that his claims are based upon newly-recognized constitutional rights. He does claim, in conclusory fashion, that his petition is based upon newly-discovered facts: his discovery that counsel did not file an appeal of right on direct appeal of his conviction. For the reasons stated below, this contention is without merit.

■ Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. The time commences when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See, e.g., Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000). Additionally, the AEDPA's limitations period begins to run when the petitioner knows or through due diligence could have discovered the

important facts for the claim, not when the petitioner recognizes the facts' legal significance. *Id.; see also Hereford v. McCaughtry,* 101 F.Supp.2d 742, 745 (E.D.Wis.2000). Section 2244(d)(1)(D), which allows the one-year statute of limitations to run anew upon the discovery of new evidence, does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim. *See Sorce v. Artuz,* 73 F.Supp.2d 292, 294–95 (E.D.N.Y.1999). It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts. *See Tate v. Pierson,* 177 F.Supp.2d 792, 800 (N.D.Ill.2001) (citing *Flanagan v. Johnson,* 154 F.3d 196, 198–99 (5th Cir.1998)). A habeas petitioner has the burden of persuading a federal court that he exercised due diligence in discovering the factual predicate of his habeas claims. *See Stokes v. Leonard,* 36 Fed.Appx. 801, 804 (6th Cir.2002).

In this case, Petitioner was advised of his appellate rights, including the fact that he had 42 days in which to file a notice of appeal, at the time of sentencing in 1993. *See* Sent. Tr., Pet. Ex. A. At the conclusion of that 42–day period, Petitioner knew that he had not filed an appeal as of right on his own behalf. He also knew, or with reasonable diligence could have discovered, that defense counsel had not filed an appeal as of right. Petitioner thus had actual or putative knowledge of the facts supporting his habeas claim shortly after sentencing in 1993. Petitioner fails to explain why it took him six years to initiate appropriate proceedings in the state courts to pursue his habeas claim that counsel failed to pursue an appeal as of right on direct appeal of his convictions. He has thus not shown that he acted with due diligence in pursuing his habeas claim. Given such circumstances, tolling of the

one-year period is unwarranted. Petitioner's habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States,* 250 F.3d 1001, 1008–09 (6th Cir.2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr,* 851 F.2d 146 (6th Cir.1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008.

■ In this case, Petitioner sets forth no circumstances which caused him to file his state court proceedings more than two years after the expiration of the one-year grace period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Brown v. United States,* 2001 WL 1136000, *3 (6th Cir. Sept.21, 2001) (unpublished case citing *United States v. Baker,* 197 F.3d 211, 218–19 (6th Cir.1999), for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson,* 174 F.3d 710, 714–15 (5th Cir.1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."); *Holloway v. Jones,* 166 F.Supp.2d 1185, 1189 (E.D.Mich.2001) (lack of professional legal assistance does not justify tolling); *Sper-*

*ling v. White,* 30 F.Supp.2d 1246, 1254 (C.D.Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner instead asserts that his petition should be equitably tolled because his petition has merit and he is "actually innocent." No actual innocence exception to § 2244(d)(1) exists in the language of the statute itself, and the Sixth Circuit has yet to endorse an actual innocence exception. *See Whalen v. Randle,* 37 Fed.Appx. 113, 120 (6th Cir.2002). At least one judge in this District, however, has held that an actual innocence exception exists that would toll the one year limitations period contained in § 2244(d)(1). *See Holloway,* 166 F.Supp.2d at 1190 (Tarnow, J.). To support an actual innocence claim, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting *Schlup v. Delo,* 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623, 118 S.Ct. 1604. Petitioner has made no such showing. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period.

### III. *Conclusion*

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA with this Court within **TWENTY–ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) (*"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."* (emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

### *JUDGMENT*

The above-entitled matter having come before the Court on a Petition for a Writ of Habeas Corpus, Honorable Paul V. Gadola, United States District Judge, presiding, and in accordance with the Opinion and Order entered on March 9, 2004;

**IT IS ORDERED AND ADJUDGED** that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**