OPINION
Defendant-appellant Walter Broom (appellant) appeals from his conviction for rape in violation of R.C. 2907.02.
Appellant assigns the following errors for review:
 I. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE IS NOT SUBSTANTIAL EVIDENCE UPON WHICH A TRIER OF FACT COULD REASONABLY CONCLUDE THAT THE CHARGES HAD BEEN PROVED BEYOND A REASONABLE DOUBT.
 II. THE STATE FAILED TO PROVE THE ELEMENT OF FORCE OR THREAT OF FORCE IN THE CHARGE OF RAPE.
 III. THE TRIAL COURT ERRED BY FAILING TO GIVE THE JURY AN INSTRUCTION FOR SEXUAL BATTERY AS THERE WAS NO EVIDENCE OF FORCE OR THE THREAT OF EVIDENCE BUT SOME POSSIBLE EVIDENCE OF COERCION.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On April 6, 1998, the Cuyahoga County Grand Jury indicted appellant on two counts of rape and one count of kidnapping. Appellant entered a not guilty plea and the case proceeded to trial by jury.
Thirty-eight year old Cynthia Mongo testified that she lives at 16800 Lake Shore Boulevard in Cleveland. The Cleveland Metropolitan Housing Authority apartment building houses senior citizens or disabled persons. Mongo is legally blind and mentally challenged. Mongo performs volunteer work at the apartment building, primarily running errands. In March of 1998, Mongo encountered appellant at the apartment building. Appellant's father is a resident, living on the floor above Mongo's apartment. The two began dating and entered into a consensual sexual relationship.
On March 23, 1998, Mongo was in her bed sleeping at approximately 11:00 p.m. Appellant rang her doorbell. Mongo let appellant into the apartment although she realized he had been drinking. Appellant and Mongo went into the bedroom and had consensual sexual intercourse. During the night, appellant expressed his desire to engage in anal intercourse. Although Mongo refused, appellant proceeded to turn Mongo over on the bed. Appellant then sodomized Mongo. Mongo testified that she did not scream or yell because she was too afraid and appellant was strong. Appellant left the apartment in the morning when Mongo was scheduled to do her volunteer work.
Machelle Johnson, the resident manager of the building, testified that she wanted Mongo to pass out some notices to the residents but had difficultly locating her. Johnson returned to Mongo's apartment with Officer Frazier from the Cleveland Metropolitan Housing Authority security. Officer Frazier entered the apartment but Mongo was not there. Johnson finally saw Mongo exiting an elevator. Mongo was crying, frightened, and scared. At first, Mongo refused to tell Johnson what was wrong. Mongo, Johnson, and Officer Frazier entered Mongo's apartment. Johnson noticed blood on Mongo's pants. Mongo finally told Johnson what had occurred the previous night. Officer Frazier contacted a supervisor who arrived quickly as did the Cleveland police and emergency medical services.
Appellant knocked on the door, demanding entrance. Cleveland Police Officer Jose Delgado opened the door. Appellant told Officer Delgado I'm him. Appellant appeared to be intoxicated and acted aggressively. Appellant laughed when Mongo told him the relationship was over. The police arrested appellant. Mongo was taken to the emergency room. She still was experiencing rectal bleeding.
The jury convicted appellant of one count of rape. The jury acquitted appellant of the second count of rape and the kidnapping charge. The trial court sentenced appellant to ten years on the rape conviction plus an additional two years because of a repeat violent offender specification.
 II.
In his first assignment of error, appellant asserts that his conviction was contrary to the weight of the evidence. Primarily, appellant argues that Mongo's testimony was not believable or credible. Appellant points to statements made by Mongo during her testimony that, because of her limited sight, she did not know if appellant or she remained clothed, kissed, or if appellant touched her body.
To determine whether a conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
This court recognizes that Mongo's testimony was confused and unresponsive at times. However, throughout her testimony, Mongo adamantly insisted that she refused appellant's request to engage in sodomy. The jury clearly was aware of the confused responses given by Mongo during her testimony. [W]eight is not a question of mathematics, but depends on its effect in inducing belief. Thompkins, supra, at 386. Further, the weight to be given the evidence and the assessment of the credibility of the witnesses are primarily for the jury to determine, not a reviewing court. State v. D'Ambrosio (1995), 73 Ohio St.3d 141, 147. The appellate court does not function as a thirteenth juror but accords deference to the credibility determinations made by the trier of fact. State v. Prim (Aug. 26, 1999), Cuyahoga App. No. 74530, unreported.
Machelle Johnson's testimony supported that of Mongo. Johnson stated that Mongo appeared to be crying, frightened, and scared the day after the incident. Mongo related to Johnson the same version of the facts as Mongo testified to at trial. Mongo clearly stated at trial that she refused to engage in anal intercourse and yet appellant continued on with the act. The jury saw Mongo testify and was in a better position to assess her credibility than a reviewing court reading a transcript. The jury did not lose its way and convict appellant against the manifest weight of the evidence.
Appellant's first assignment of error lacks merit.
 II.
In his second assignment of error, appellant asserts that his conviction is not supported by sufficient evidence. Appellant maintains that there was no evidence he forced Mongo to engage in sexual conduct. Appellant points out that he and Mongo entered into a consensual sexual relationship for a period of approximately three weeks before March 23, 1998, as well as during that night. Appellant states the prosecution presented no evidence that any force or threat of force was used that night.
Sufficiency is a legal standard which is applied to determine whether the evidence admitted at trial is legally sufficient to support the verdict as a matter of law. State v. Thompkins (1997),78 Ohio St.3d 380.
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. In essence, sufficiency is a test of adequacy. Whether the evidence presented in a case is legally sufficient to sustain a verdict is a question of law and a conviction based upon legally insufficient evidence constitutes a denial of due process. Thompkins, supra.
R.C. 2907.02(A)(2) proscribes a person from engaging in sexual conduct by force or threat of force. Force is defined as any violence, compulsion, or constraint physically exerted by any means upon or against a person or a thing. R.C. 2901.01(A)(1).
 A defendant purposely compels another to submit to sexual conduct by force or threat of force if the defendant uses physical force against that person, or creates the belief that physical force will be used if the victim does not submit.
State v. Schaim (1992), 65 Ohio St.3d 51, paragraph one of the syllabus. The force necessary to support a conviction of rape need not be overt and physically brutal. State v. Fowler (1985),27 Ohio App.3d 149. Only minimal force or threat of force is required. State v. Eskridge (1988), 38 Ohio St.3d 56. The force and violence necessary for rape depends on the age, size, and strength of the parties and their relation to each other. Id. at paragraph one of the syllabus.
Mongo testified she refused appellant's desire to engage in sodomy. Appellant turned Mongo over, constraining her movement, and proceeded to sodomize her. Although appellant did not have to force Mongo to move to the bed, appellant did use his size and strength to physically turn Mongo to proceed after her refusal. His act of turning Mongo over after she said no to the sexual activity at issue was sufficient to support the element of force.
Appellant's second assignment of error is overruled.
 IV.
In his third assignment error, appellant argues the trial court erred by not including an instruction on sexual battery in the jury charge. Appellant again states that the prosecution did not prove the element of force.
It must be noted that appellant failed to object to the jury instruction. A defendant may not assign as error the giving or failure to give any jury instruction unless he raises an objection before the jury retires. See Crim.R. 30(A); State v. Smelcer (1993), 89 Ohio App.3d 115. Therefore, any claim of error is waived unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Underwood (1983), 3 Ohio St.3d 12. The plain error rule is applied only with utmost caution and invoked under exceptional circumstances in order to prevent a manifest miscarriage of justice. State v. Cooperrider (1983),4 Ohio St.3d 226. Appellant's conviction would be reversed only if it can be determined that he would have been acquitted of rape and convicted of sexual battery. See State v. Woodard (1993), 68 Ohio St.3d 70.
Sexual battery under R.C. 2907.03(A)(1) forbids a person from engaging in sexual conduct by knowingly coercing another to submit by any means that would prevent resistance by a person of ordinary resolution. Sexual battery may be a lesser included offense of rape. State v. Wilkins (1980), 64 Ohio St.2d 382, syllabus.
The state did present sufficient evidence at trial proving appellant forcibly raped Mongo. There is no indication the outcome of the trial would have been different had the trial court instructed the jury on the offense of sexual battery.
Appellant's third assignment of error is not well-taken.
It is ordered that appellee recover of appellant its costs herein taxed.
The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ LEO M. SPELLACY, JUDGE
TERRENCE O'DONNELL, P.J. and JAMES D. SWEENEY, J. CONCUR.