JOURNAL ENTRY AND OPINION
Defendant-appellant Juan Morris (appellant) appeals from his conviction for aggravated murder in violation of R.C. 2903.01(A).
Appellant assigns the following errors for review:
 I. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION OF AGGRAVATED MURDER IN VIOLATION OF R.C. § 2903.01(A) AS THE ELEMENT OF PRIOR CALCULATION AND DESIGN WAS NOT PROVED BEYOND A REASONABLE DOUBT.
 II. THE TRIAL COURT'S ERRONEOUS JURY INSTRUCTION DEPRIVED THE APPELLANT HIS RIGHT TO A FAIR TRIAL.
 III. THE TRIAL COURT ERRED BY ALLOWING A STATE WITNESS TO ATTEST BEFORE THE JURY HIS ASSESSMENT OF THE CREDIBILITY OF THE APPELLANT'S AFFIRMATIVE DEFENSE.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On July 27, 1998, appellant decided to walk his puppy on Ida Avenue in Cleveland. Appellant stopped to chat with friends who were relaxing on their front porch. Appellant then went onto the porch of Willie Jean Dobyne who lived at 917 Ida Avenue. Also on the porch at the time was Nicholas Calhoun. Appellant and Calhoun entered into a heated argument, apparently about a stabbing Calhoun was involved in a few months earlier. Appellant claimed Calhoun thought appellant would testify against Calhoun, even though appellant did not witness the incident. Appellant said he would return and he left the house, walking away even when Calhoun stepped off the porch to continue expressing his anger.
Appellant went to his home but stated he decided to go to the store to pick up an item for dinner. On his way back from the store, appellant drove down Ida Avenue. Appellant said he wanted to stop at the Dobyne home again for a drink. This was shortly after 8:00 p.m., ten to forty minutes after his argument with Calhoun. Appellant exited his car and spotted Calhoun still sitting on the Dobyne porch. Appellant yelled to Calhoun, asking if Calhoun wanted to quash meaning ending the argument or take the argument to the street. Appellant repeated this twice more. Calhoun descended the steps, responding to appellant that he was a man.
Appellant circled around to the passenger side of his vehicle and withdrew a shotgun from the open window. Appellant chambered a round into the shotgun. Calhoun asked if appellant intended to shoot him and stated he would take the shotgun and beat appellant with it. Calhoun grabbed for the shotgun and the two men began struggling for control of the weapon. Calhoun never did obtain possession of the weapon nor was he carrying any kind of weapon before the incident.
Appellant removed one of his hands from the shotgun and took a .25 caliber pistol from his pocket. The weapon was capable of holding nine bullets. Appellant began firing the pistol at Calhoun, rapidly emptying all nine rounds into Calhoun's body. Calhoun suffered three gunshot wounds to the head, three bullets entered his torso, and two wounds were in each of his upper left and right extremities. Two of the wounds were fatal, one was fired into the back of Calhoun's head, the other entered the mid-portion of the victim's back. Calhoun died at the scene. He had a blood alcohol level of .12 at the time of death. A very small amount of marijuana was discovered in Calhoun's system.
Appellant fled the scene in his automobile, first driving to his home where he changed his clothing before leaving the residence. Both weapons were found there by the police. The next day, appellant took a bus to California. Appellant eventually made plans to return to Cleveland where he surrendered to the police. A jury convicted appellant of aggravated murder with a firearm specification. The trial court sentenced appellant to life with eligibility for parole after twenty years plus an additional three years for the firearm specification.
 II.
In his first assignment of error, appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, appellant contends that the state failed to prove he acted with prior calculation and design before shooting Calhoun. Appellant argues that the evidence showed that the shooting was the result of an instantaneous impulse without any prior planning or design to kill the victim.
Sufficiency is a legal standard which is applied to determine whether the evidence admitted at trial is legally sufficient to support the verdict as a matter of law. State v. Thompkins (1997),78 Ohio St.3d 380.
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. In essence, sufficiency is a test of adequacy. Whether the evidence presented in a case is legally sufficient to sustain a verdict is a question of law and a conviction based upon legally insufficient evidence constitutes a denial of due process.Thompkins, supra.
R.C. 2903.01(A) provides that:
 No person shall purposely, and with prior calculation and design, cause the death of another or the unlawful termination of another's pregnancy.
Anyone violating this statute is guilty of aggravated murder. R.C.2903.01(C). Prior calculation and design is not defined in the Revised Code. The phrase has been interpreted to require proof of more than the few moments of deliberation permitted in common-law interpretations of the former murder statute. A scheme is required which implements the calculated decision to kill. Instantaneous deliberation is not sufficient. State v. Cotton (1978), 56 Ohio St.2d 8
. However, neither the degree of care nor the length of time the offender takes to ponder the crime beforehand are critical factors in themselves, but momentary deliberation is insufficient.State v. D'Ambrosio (1993), 67 Ohio St.3d 185, 196. Findings of prior calculation and design have been upheld in some short-lived emotional situations. No bright-line test is possible in determining whether prior calculation and design is present in a case. Each case turns on the particular facts and evidence presented at trial. State v. Fears (1999), 86 Ohio St.3d 341, citing State v. Taylor (1997), 78 Ohio St.3d 15.
Appellant first argues that prior calculation is a separate element from design. The Supreme Court of Ohio specifically rejected this same contention in Taylor, supra. The court stated the term is single and indivisible.
In State v. Jenkins (1976), 48 Ohio App.2d 99, 102, the court provided some factors which may be considered when determining whether prior calculation and design exist. Those factors are: (1) did the accused and victim know each other and, if so, was that relationship strained (2) did the accused give thought or preparation to choosing the murder weapon or murder site and (3) was the act drawn out or an almost instantaneous eruption of events. Appellant and Calhoun were acquaintances who had engaged in a heated argument shortly before the shooting. The jury could have easily rejected appellant's statement that Calhoun threatened him about testifying about a stabbing which appellant did not witness. The victim of that attack reported no threats or acts of intimidation by Calhoun. Appellant then returned to the site of the argument a short time later with not one but two loaded weapons. Appellant cocked the shotgun before Calhoun grabbed the weapon. Calhoun never had control of the shotgun yet, in the midst of this struggle, appellant released this weapon with one hand in order to remove his handgun from his pocket. Appellant proceeded to empty all nine bullets into Calhoun's body, including two fatal shots which were fired from behind the victim. This was no sudden eruption of events. Appellant deliberately came back to continue the argument with Calhoun while carrying two deadly weapons. He brandished the shotgun about in a threatening manner and then proceeded to shoot his unarmed victim multiple times. Ample evidence was adduced at trial supporting the element of prior calculation and design.
Appellant's first assignment of error lacks merit.
 III.
In his second assignment of error, appellant objects to various jury instructions. Appellant argues that the trial court's charge on causation and flight deprived him of a fair trial.
It must be noted that appellant failed to object to the jury charge. A defendant may not assign as error the giving or failure to give any jury instruction unless he raises an objection before the jury retires. See Crim.R. 30(A); State v. Smelcer (1993),89 Ohio App.3d 115. Therefore, any claim of error is waived unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Underwood (1983), 3 Ohio St.3d 12. The plain error rule is applied only with utmost caution and invoked under exceptional circumstances in order to prevent a manifest miscarriage of justice. State v. Cooperrider (1983), 4 Ohio St.3d 226.
In State v. Stojetz (1999), 84 Ohio St.3d 452, the court concluded that the use of the foreseeability instruction in a murder case did not constitute plain error. As in State v. Goodwin
(1999), 84 Ohio St.3d 331, the trial court extensively instructed the jury on the requirements of purpose and intent prior to giving the foreseeability instruction. The trial court's instruction did not rise to the level of plain error.
Neither is the instruction of flight plain error. Appellant interjected into the trial the fact that he fled to California immediately after Calhoun's death. There is no indication appellant would have been acquitted in the absence of this jury instruction.
Appellant's second assignment of error is overruled.
 IV.
In his third assignment of error, appellant contends the trial court erred by allowing one of the prosecution's witnesses to testify regarding his belief that appellant did not act in self-defense. A fellow inmate of appellant's testified that appellant said he argued with Calhoun after appellant had been drinking. Appellant claimed he shot the victim after Calhoun grabbed the shotgun. Appellant told the inmate he acted in self-defense. The inmate testified he did not accept this explanation. Appellant argues that the evidence was not relevant and was so prejudicial to his defense that the case must be reversed.
Appellant finds the following testimony objectionable:
 Q. Did you accept his explanation that this was self-defense?
A. No.
(Tr. 747). Appellant made no objection to the above testimony. Therefore, the issue is waived unless plain error is found. Statev. Nicholas (1993), 66 Ohio St.3d 431. It is highly doubtful that the outcome of the trial was changed by the opinion of the jailhouse informant, that he believed that appellant did not act in self-defense while committing the act which informant did not witness.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J. CONCUR.
 ________________________________ LEO M. SPELLACY, PRESIDING JUDGE